Pittsburgh, etc., R. Co. *v.* Home Ins. Co., etc.—73 Ind. App. 226.

case Mr. Wolf did not undertake to dispose of the whole of the reversionary interest in his lands by his will. In so far as the reversion in one-third of his lands is concerned, he clearly died intestate, and, as said by the Supreme Court in the Thomas case: "The mere fact that a will was made did not interrupt the statute regulating descents, unless by force of the testament a disposition was made of the whole estate different from that provided by law, in case of intestacy." Whatever may have been the intention of Mr. Wolf in regard to the remainder in the one-third of his real estate, the fact remains that there is not one word in the will looking to the disposition of the fee in that one-third after carving out of it a life estate for the widow.

This being true, the rule of the common law must control. Under this rule the will in controversy operated only on the real estate owned by John B. Wolf at the time he executed and published his will. The real estate in controversy, having been acquired by him after the making and publishing of his will, did not pass thereunder. Under §3028 Burns 1914, §2490 R. S. 1881, the entire estate descended to appellee in fee simple.

Judgment affirmed.

---

PITTSBURGH, CINCINNATI, CHICAGO AND ST. LOUIS RAILWAY COMPANY *v.* HOME INSURANCE COMPANY OF NEW YORK.

[No. 10,118. Filed December 10, 1919. Rehearing denied March 16, 1920. Transfer denied April 29, 1920.]

1. VENUE.—*Local Actions.—Action Brought in Wrong County.— No Objection by Demurrer or Answer.—Waiver.*—Where an action in which is sought only a personal judgment for injuries to real property, was not brought in the proper county as required by §309 Burns 1914, §307 R. S. 1881, but defendant did not take any advantage of that fact by demurrer or answer, the objection that the action was brought in the wrong

county was thereby waived by reason of the proviso contained in §348 Burns 1914, Acts 1911 p. 415. p. 231.

2. STATUTES.—*Provisos.—Construction.—Presumptions.*—In construing a proviso to a statute it will be presumed that the legislature knew of the existing law on the subject as settled by the decisions of the courts at the time the proviso was added. p. 231.

3. VENUE.—*Subject-Matter.—Action Brought in Wrong County.—Construction of Statute.*—The evident purpose of the proviso of §348 Burns 1914, Acts 1911 p. 415, that the objection that the action was brought in the wrong county, if not taken by demurrer or answer, shall be deemed waived, was, to restrict the general statement with reference to the subject-matter of an action appearing in the clause immediately preceding, and the proviso applies to cases involving the subject-matter of the action, as well as to those merely involving jurisdiction of the person, at least where the only judgment sought is one *in personam.* p. 231.

4. COURTS.—*Jurisdiction.—Local Actions.*—The rule that jurisdiction over the subject-matter cannot be conferred by consent is not violated by a statute giving the courts of other counties jurisdiction to hear and determine a local action in the absence of objection by defendant. p. 232.

5. VENUE.—*Local Actions.—Action in Wrong County.—Objection by Motion in Arrest.*—The objection that a local action in which only a personal judgment is sought was brought in the wrong county cannot be made by motion in arrest of judgment, in view of the proviso to §348 Burns 1914, Acts 1911 p. 415, requiring objection by demurrer or answer. (*Louisville, etc., R. Co.* v. *Johnson* (1894), 11 Ind. App. 328, and *Chicago, etc., R. Co.* v. *Wheeler* (1895), 14 Ind. App. 62, overruled in part. p. 234.

6. INSURANCE.—*Subrogation.—Action by Insurer.—Pleading Insurable Interest.*—In an action by an insurer against one responsible to insured for a loss by fire, the complaint need not show ownership or insurable interest in the plaintiff. p. 235.

7. PLEADING.—*Demurrer.—Memorandum.—Waiver.*— Objections to a complaint not mentioned in the memorandum filed with the demurrer as required by §344 Burns 1914, Acts 1911 p. 415, are deemed waived. p. 235.

From Cass Circuit Court; *John S. Lairy,* Judge.

Action by the Home Insurance Company of New York against the Pittsburgh, Cincinnati, Chicago and St. Louis Railway Company and another. From a judg-

228 APPELLATE COURT OF INDIANA,

Pittsburgh, etc., R. Co. *v.* Home Ins. Co., etc.—73 Ind. App. 226.

ment for plaintiff, the named defendant appeals. *Affirmed.*

*G. E. Ross,* for appellant.
*Long, Yarlott & Souder,* for appellee.

BATMAN, J.—This is an action commenced by appellee against appellants in the Cass Circuit Court. The complaint on which the cause was tried is in a single paragraph, and alleges in substance, among other things, that appellee is a corporation, engaged in the business of insurance, and is duly authorized to conduct, and is conducting, a fire insurance business in the State of Indiana; that appellant company is a corporation, and on December 31, 1912, owned and was operating a railroad through the counties of Cass and Pulaski in said state; that on May 11, 1911, appellee, for a valuable consideration, entered into a contract of insurance with appellant Van Gundy, and issued him a policy evidencing such contract, by the terms of which appellee insured said Van Gundy for three years from that date against loss by fire on a certain dwelling house owned by him in the town of Thornhope in Pulaski county, agreeing to pay him the sum of $200 in case said house should be lost or destroyed by fire, and that said contract was in force and binding on appellee on December 31, 1912; that said dwelling, on the date last named, was totally destroyed by fire, and the liability of appellee to pay said sum of $200 was thereby fixed, which sum was less than the value of the building so destroyed; that thereafter, on January 7, 1913, appellee paid said sum to said Van Gundy, as it was obligated to do by the terms of said contract of insurance; that said dwelling house was located about forty-six feet east of the railroad track of appellant company in said town of Thornhope; that on December 31, 1912, said appellant owned and operated a locomotive engine on its said track through said town,

and within fifty feet of said dwelling house; that said engine communicated sparks and coals of fire to the roof of said house, and did then and there and thereby cause said house to burn and to be completely destroyed; that the same was so destroyed without any carelessness or negligence on the part of appellee, or the owner of said dwelling house, or the agent or agents of either of them; that by reason of said facts appellant company became and was liable to said Van Gundy for the damages sustained by him on account of the loss and destruction of said building; that by reason of the above facts appellee is entitled to be subrogated to the rights of said Van Gundy, as against said appellant company, to the amount of insurance paid to him by it; that appellee has sustained damages in the sum of $200, which sum remains due it from appellant company, and is wholly unpaid; that appellant Van Gundy is made a defendant to answer to any interest he may have therein. Prayer for judgment in the sum of $200 and costs.

Appellant Van Gundy was defaulted. Appellant company, which will hereinafter be designated as appellant, filed demurrers to the complaint, alleging that there was a defect of parties defendant; that appellee had no legal capacity to sue, and that the complaint did not state facts sufficient to constitute a cause of action. These demurrers were overruled, and appellant then filed a verified answer in general denial. The cause was submitted to a jury for trial, resulting in a verdict and judgment against appellant in the sum of $192. The jury also returned their answers to certain interrogatories submitted by the court. Appellant filed its motion for a new trial, which was overruled, and on the same date filed its motion in arrest of judgment, which was likewise overruled. It now prosecutes this appeal, and has assigned errors, which require a consideration of the questions hereinafter determined.

The first and most serious question presented by this appeal relates to the jurisdiction of the Cass Circuit Court over the subject-matter of the action. Appellant contends that, since this is an action for damages to real estate in Pulaski county, Indiana, caused by the burning of a dwelling house therein, the circuit court of that county had exclusive jurisdiction of the subject-matter of the action. It bases this contention on the provision of §309 Burns 1914, §307 R. S. 1881, which reads in part as follows: "Actions for the following causes must be commenced in the county in which the subject of the action, or some part thereof is situated: *First.* For the recovery of real property or of an estate or interest therein, or for the determination in any form of such right or interest, and for injuries to real property." This section, standing alone, would appear to support appellant's contention. However, in determining the question before us, we must consider said section in connection with §§344, 348 Burns 1914, Acts 1911 p. 415. Said §344, appearing as §85 of the Code, reads in part as follows: "The defendant may demur to the complaint when it appears upon the face thereof, either: First, that the court has no jurisdiction of the person of the defendant, or the subject-matter of the action; or second, that the plaintiff has no legal capacity to sue; or, third, that there is another action pending between the same parties for the same cause; or fourth, that there is a defect of parties, plaintiff or defendant; or fifth, that the complaint does not state facts sufficient to constitute a cause of action; or sixth, that several causes of action have been improperly joined; and for no other cause shall a demurrer be sustained."

Said §348 reads as follows: "Where any of the matters enumerated in section 85 do not appear upon the face of the complaint, the objection (except for the misjoinder of causes), may be taken by answer. If no such

objection is taken, either by demurrer or answer, the defendant shall be deemed to have waived the same, except only the objection to the jurisdiction of the court over the subject of the action: *Provided, however,* That the objection that the action was brought in the wrong county, if not taken by answer or demurrer, shall be deemed to have been waived."

In the instant case it appears that under the provision of §309, *supra,* the action was brought in the wrong county, but, as appellant did not take advantage of that fact by demurrer or answer, it waived any objection based thereon, by reason of the proviso contained in §348, *supra.*

But appellant contends in opposition to this view that, since actions for trespass or injury to real property must be brought in the county in which such property is situated, as provided by §309, *supra,* the court of another county does not have, and cannot acquire, jurisdiction of the subject-matter for the purpose of commencing such action. As preliminary to a consideration of this contention, it should be noted that the proviso in §348, *supra,* was added thereto by amendment in 1881. Appellant has cited a number of cases in support of its contention, which antedate the amendment of said section. In order to determine what weight we should give these authorities, we must determine the intent of the legislature in adding the proviso to said section by the act of 1881. Appellant contends that this proviso only applies to cases involving the jurisdiction of the person, in actions brought in counties other than that provided by statute. We cannot concur in this contention, but are forced to the conclusion that it must be held to apply to cases involving the subject-matter of the action as well, at least where the only judgment sought is one *in personam.* It should be noted that, prior to 1881, it was the law that the

232    APPELLATE COURT OF INDIANA,

Pittsburgh, etc., R. Co. v. Home Ins. Co., etc.—73 Ind. App. 226.

question of jurisdiction over the person of a defendant had to be raised by demurrer or answer; otherwise it was waived. *Newell* v. *Gatling* (1855), 7 Ind. 147; *Keiser* v. *Yandes* (1873), 45 Ind. 174. It will be presumed that the legislature of 1881 knew of the existing law in this regard. *Steiert* v. *Coulter* (1913), 54 Ind. App. 643, 102 N. E. 113, 103 N. E. 117. Therefore we would not be warranted in assuming that the legislature, in amending said §348 as stated, did the unusual, not to say useless, thing of legislating on a subject in conformity with existing law, as judicially declared, where no question or confusion existed with reference to the same. This fact of itself very naturally leads us to look further in our effort to ascertain the purpose of the proviso under consideration. It has been held that the rational and appropriate function of a proviso is to restrain or qualify the preceding clause or clauses of the section in which it is found. *Morrison* v. *State, ex rel.* (1914), 181 Ind. 544, 105 N. E. 113. In the instant case we hold that the evident purpose of the proviso under consideration was to restrict the general statement with reference to the subject-matter of an action appearing in the clause immediately preceding.

But appellant contends that to hold as we have indicated would violate the well-established rule that jurisdiction over the subject-matter of an action cannot be conferred on a court by consent. We cannot agree with this contention. The Constitution of this state provides that "circuit courts * * * shall each have such civil and criminal jurisdiction as may be prescribed by law." Art. 7, §9. The general assembly, by its various enactments since the adoption of the Constitution, has provided that circuit courts shall have jurisdiction of the class of cases to which this action belongs. By §28 of the Code of 1852 (2 G. & H. 56) it was provided that actions for injuries

to real property must be commenced in the county in which the subject of the action, or some part thereof, is situated. This provision afterwards became §30 of the Code of 1881, and is designated as §309 Burns 1914, *supra*. If it be conceded that said provision limits the jurisdiction of circuit courts, with reference to the subject-matter of actions for injuries to real property to such actions as may arise from injuries to real estate situated within their respective counties, as the case of *Loeb* v. *Mathis* (1871), 37 Ind. 306, cited by appellant, in effect, holds, it does not follow that such limitation may not be relaxed by subsequent legislation, so as to allow circuit courts of other counties to assume jurisdiction of such actions under certain conditions, or in certain events. This was the evident purpose of the proviso, added to §348 by the amendment of 1881, *supra,* at least in cases where the plaintiff is merely seeking a judgment *in personam,* as in the instant case. We therefore hold that the cases cited by appellant, which were decided prior to 1881, are not controlling here.

Appellant contends that if the legislature had intended by its amendment of said §348, in 1881, to vest circuit courts with jurisdiction of all subject-matter, unless such question is raised by demurrer or answer, it would have eliminated the exception contained therein, instead of adding the proviso thereto. We may well agree with this contention, but it is obvious that the legislature did not have the intention stated, as manifested by the limitation contained in such proviso. It is obvious that matters of jurisdiction not merely involving the county in which the action is brought are in no way affected by such proviso.

Again, it is contended that the effect of the conclusion we have announced is to destroy that part of §309, quoted above, relating to real property, and render the exception contained in §348, *supra,* meaningless. It is

234    APPELLATE COURT OF INDIANA,

Pittsburgh, etc., R. Co. v. Home Ins. Co., etc.—73 Ind. App. 226.

evident from what we have stated above that this contention is not well taken.

Appellant has cited a number of decisions of this state, rendered subsequently to 1881, involving actions based on injuries to real estate and others arising from the killing of stock by railroad companies, in which it is held that the proper court in which such actions should be brought is the circuit court of the county in which such real estate is situated, or in which such stock was killed. We do not question these decisions, as it must be apparent that such courts are the only courts where a plaintiff may bring his action and insist on its hearing and determination as a matter of right in all events. If such an action is brought in some other county from that indicated above, the right of such court to assume jurisdiction of the subject-matter would depend upon the defendant's failure to take advantage of that fact by demurrer or answer, as stated in the proviso contained in said §348.

Our attention has been called to two decisions of this court rendered subsequently to the amendment of said §348, in 1881, in each of which it was held that

5. the trial court erred in overruling appellant's motion in arrest of judgment, notwithstanding the fact that such question had not been raised by demurrer or answer, viz.: *Louisville, etc., R. Co.* v. *Johnson* (1894), 11 Ind. App. 328, 36 N. E. 766, and *Chicago, etc., R. Co.* v. *Wheeler* (1895), 14 Ind. App. 62, 42 N. E. 489. Each of these cases involve the killing of stock by railroad companies. The decision in the case first named is based mainly on the case of *Toledo, etc., R. Co.* v. *Milligan* (1876), 52 Ind. 505, which it will be observed was rendered prior to the amendment of §348 in 1881. No reference whatever is made to said section in any way, and it cannot be accepted as opposing the conclusion we have reached in this case. In the latter

case the court followed the rule as laid down in the Milligan case, although not without misgivings, as evidenced by the following language: "As anomalous as it may seem in view of section 346, *supra* (§348 Burns 1914), still the supreme court has held that the question of jurisdiction, in the absence of an answer or demurrer going to that question, may be raised on a motion in arrest. *Toledo, etc., R. W. Co.* v. *Milligan,* 52 Ind. 505." It is thus apparent that the court at that time was not mindful that the Milligan case, upon which it was relying, had been decided prior to 1881, and evidently gave no consideration to any change in the law brought about by the proviso added to said §348 in that year. In view of the conclusion we have reached and announced, the cases of *Louisville, etc., R. Co.* v. *Johnson,* and *Chicago, etc., R. Co.* v. *Wheeler, supra,* are hereby overruled, in so far as they are in conflict herewith. For the reasons stated, we conclude that the court did not err in overruling appellant's motion in arrest of judgment.

Appellant's demurrers to the paragraph of complaint on which the cause was tried are based in part on the ground that said paragraph did not state facts

6. sufficient to constitute a cause of action. It is urged in this connection that said paragraph does not show that appellee was the owner of, or had any insurable interest in, the property insured and destroyed by fire, at the time of the alleged damages thereto. Such an allegation is unnecessary.

Other objections are urged; but, as they are not mentioned in the memorandum filed with the demurrers, as required by §344 Burns 1914, *supra,* such ob-

7. jections are deemed waived. *Pittsburgh, etc., R. Co.* v. *Farmers Trust, etc., Co.* (1915), 183 Ind. 287, 108 N. E. 108.

Appellant also contends that the paragraph of com-

plaint on which the cause was tried is drafted on the theory of negligence, and hence the court erred in giving instruction No. 3, wherein it is stated in effect that appellee's right of recovery did not depend upon the negligence of appellant, but that a recovery could be had regardless of its negligence. We do not construe the paragraph of complaint on which the cause was tried as being drawn on the theory for which appellant contends, and therefore hold that the court did not err in giving said instruction No. 3. Appellant also claims that the court erred in giving each of the instructions numbered 4 and 5. We have carefully considered these instructions in the light of appellant's objections thereto, and fail to find anything which would render their giving reversible error.

We find no error on which to base a reversal of the judgment in this cause and it is therefore affirmed.