STATE EX REL. ALLMAN *v.* GRANT SUPERIOR COURT ET AL.

[No. 27,169. Filed February 27, 1939.]

*Lesh, Lesh & Lesh* and *Lesh & Lesh,* for relator.

*Thompson & Rabb* and *Condo, Van Atta & Batton,* for respondents.

FANSLER, J.—This is an original action by which the relator, a preferred stockholder in The Hotel LaFontaine Company, an Indiana corporation, which owns a hotel building in Huntington County, seeks a 'writ prohibiting the Superior Court of Grant County from proceeding further with a proposed sale of the property by its receiver, and from exercising "further jurisdiction over the property and business of said The LaFontaine Hotel Company."

On December 14, 1937, the Department of Financial Institutions of the State of Indiana, in charge of the liquidation of the Citizens State Bank of Marion, brought an action in the Superior Court of Grant County against the hotel corporation seeking a judgment upon a debt evidenced by certain promissory notes and asking, as ancillary relief, the appointment of a receiver upon the ground that the corporation was insolvent and that its assets were highly encumbered and in danger of being lost. The corporation appeared to the action and answered in general denial. The cause was submitted and a judgment entered appointing the First National Bank of Marion as receiver for the property of the corporation. The receiver went into possession of the hotel building in Huntington County. It appears that the real estate was encumbered by a mortgage, which was in default, and the lien of several thousand dollars of delinquent taxes. Thereafter certain preferred shareholders in the hotel company, acting for themselves and other preferred shareholders, sought to intervene for the purpose of filing a motion to set aside all of the proceedings. They were

permitted to intervene, but the motion to set aside the proceedings was stricken out, and there was no appeal. Thereafter, upon authority of court, the receiver borrowed $16,000 upon receiver's certificates, and used the money for the purpose of paying taxes and other paramount liens. Afterwards the receiver was ordered to sell the property.

In November, 1938, the relator in this cause filed an action against the corporation in the Huntington Circuit Court, asking the appointment of a receiver upon the ground, among others, of danger of insolvency. The receiver in possession was permitted to intervene, and filed a verified answer in abatement setting up the proceedings in the Superior Court of Grant County. There was a demurrer for want of facts to the plea in abatement of the receiver, and, pending a ruling on the demurrer, this original action was begun.

It is the contention of the relator that actions affecting real estate are local in character and not transitory, and that jurisdiction of such actions lies only in the courts in the counties where the real estate is situated; that, since in the action in question here, a receiver was appointed for the real estate, the action was one affecting real estate; that the only courts having jurisdiction are the courts of Huntington County; that the jurisdictional question cannot be waived; that the Superior Court of Grant County therefore had no jurisdiction to appoint a receiver for the real estate in Huntington County; and that its judgment appointing the receiver is void.

It must be remembered that this is a collateral attack upon the judgment of the Superior Court of Grant County, and that the proceeding for the appointment of the receiver was ancillary to the principal action which sought a personal judgment, and was therefore transi-

tory, and that the defendant corporation appeared and answered.

The Superior Court of Grant County is a court of general jurisdiction, and as such has jurisdiction to entertain personal actions and to appoint receivers for corporations. It acquired jurisdiction of the person of the defendant. The only question then was whether it had jurisdiction to appoint a receiver under the facts of the particular case. This was a question of fact, which the trial court had jurisdiction to determine. It is provided by section 2-1007 Burns' Ann. St. 1933, section 111 Baldwin's Ind. St. 1934, that:

"The defendant may demur to the complaint when it appears upon the face thereof, either:
"First. That the court has no jurisdiction of the person of the defendant or the subject-matter of the action. . . ."

Section 2-1011 Burns' Ann. St. 1933, section 115, Baldwin's Ind. St. 1934, provides that: "Where any of the matters enumerated in section 85 (§2-1007) do not appear upon the face of the complaint, the objection . . . may be taken by answer. If no such objection is taken, either by demurrer or answer, the defendant shall be deemed to have waived the same, except only the objection to the jurisdiction of the court over the subject of the action: Provided, however, That the objection that the action was brought in the wrong county, if not taken by answer or demurrer, shall be deemed to have been waived."

This latter section may be reasonably interpreted to mean that jurisdiction of the court over the subject-matter is not waived by failure to answer or demur upon that ground, except in cases where the lack of jurisdiction of the subject-matter arises out of the fact that the action is brought in the wrong county. If a civil action should be brought in a court having only criminal

jurisdiction or probate jurisdiction, the lack of jurisdiction would not be waived by failure to answer or demur.

The effect of these statutes was considered by the Appellate Court in *Pittsburgh, C. C. & St. L. Ry. Co.* v. *Home Insurance Co. of New York* (1920), 73 Ind. App. 226, 125 N. E. 427. The relator cites the case as authority for the proposition that the objection that the action was brought in the wrong county need only be taken by demurrer or answer where the judgment sought is *in personam.* It is true that the judgment sought in that case was *in personam,* and so the effect of the opinion was limited to such cases, but the reasoning as fully justifies a broader conclusion, and that was an appeal, a direct attack on the judgment.

It is not clear, nor do we decide, that the trial court had no jurisdiction to appoint a receiver for the real estate of a corporation, where all of its real estate was located outside the county in which the court exercised its jurisdiction, where the primary purpose of the action is to procure a personal judgment.

And the trial court may have decided erroneously perhaps, and without sufficient evidence to support its finding, that the corporation did have personal property, or real estate, or both, situated in Grant County, and, upon that assumption of fact, it may have determined that there was jurisdiction to appoint the receiver; and that determination, if erroneous, might have been corrected by an appeal, but there was no appeal. The parties agree that the defendant corporation made no objection to the jurisdiction of the court, either by demurrer or answer, but, so far as we can know in this proceeding, the facts may not have justified an objection. It is true that it is asserted here in this proceeding that the corporation had no property, real or personal, in Grant County, but that question

cannot be investigated now. This is a collateral attack in which every fact, which it was necessary to prove in the trial court to show jurisdiction therein, must be deemed to have been proved.

*State ex rel. Harkness et al.* v. *Gleason, Judge, et al.* (1918), 187 Ind. 297, 298, 299, 119 N. E. 9, 10, is a case in which a writ was sought prohibiting the Vigo Superior Court from enforcing a temporary injunction, upon the ground that that court had no jurisdiction to grant the injunction, and that it was therefore void. It was claimed that the complaint did not disclose such a state of facts as to invoke the equitable jurisdiction of the court to grant the injunction, and that, since the complaint was not sufficient to invoke the equity powers of the court, any order entered in the exercise of its equitable powers was without jurisdiction and void. Lairy, J., speaking for the court, said: "By the act creating it the Vigo Superior Court was given general jurisdiction at law and in equity, and . . . it was expressly given power to grant restraining orders and injunctions. It thus appears that the court had general jurisdiction of the subject-matter of the action and had power to grant injunctions in proper cases. It is not denied that the court had obtained jurisdiction of the parties to the proceeding. It has been uniformly held that a court, which has jurisdiction of the subject-matter of an action and which has obtained jurisdiction of the parties, has power to hear and determine such action. A judgment rendered under such circumstances may be erroneous, but it is not void. (Citing authorities.) If a court has jurisdiction of the subject-matter of an action and has acquired jurisdiction of the parties, it has power to determine whether or not its jurisdiction is properly invoked in a proceeding before it. An erroneous decision of such question does not render its subsequent proceedings therein void as being without

jurisdiction. An order, decree or judgment based on such proceedings might be reversed as erroneous, but it could not be collaterally attacked as void. The temporary injunction entered by the Superior Court of Vigo County at the suit of Haupt was not void upon the ground first stated, and its enforcement will not be prohibited on such account. If it be conceded that a temporary injunction was granted on a state of facts which did not entitle the plaintiff to an injunction or to any other form of equitable relief, still the order granting such relief would not be void, but merely erroneous. In such case the remedy is by appeal."

In the case at bar the situation is identical. The Superior Court of Grant County had general jurisdiction to entertain personal actions against corporations, and general jurisdiction to appoint receivers ancillary to such actions. It had jurisdiction of the person of the defendant. It had power to determine whether or not its jurisdiction to appoint a receiver was properly invoked. Whether the trial court had jurisdiction of the particular proceeding before it was a question of fact which that court had power to determine, and which it must be assumed to have determined, and, in the absence of an appeal, its determination of the question is conclusive. This court will not in a collateral proceeding undertake to investigate the facts and try anew the question which the trial court must be assumed to have decided.

The writ is denied.

Roll, J., absent.