STATE EX REL. DAWSON, LIEUTENANT GOVERNOR, ET AL *v.*
MARION CIRCUIT COURT ET AL.

[No. 27,536.   Filed April 22, 1941.   Rehearing denied
April 28, 1941.]

*Pickens, Gause, Pickens & Gause, Gilliom & Gilliom* and *Erle A. Kightlinger,* all of Indianapolis, for relators.

*George N. Beamer,* Attorney General, *James K. Northam,* Deputy Attorney General, *Frank C. Dailey* and *Walter Myers,* both of Indianapolis; *Walter R. Arnold,* of South Bend; and *Samuel D. Jackson,* of Fort Wayne, for respondents.

PER CURIAM.—This is an original action seeking a writ prohibiting the respondents from enforcing against relators a temporary injunction which enjoined the defendants below from taking any steps pursuant to certain statutes passed by the last General Assembly. The acts forbidden include organizing as boards, making appointments and employments thereunder, or discharging any other duties of such boards, and the relators, the Auditor of State and the Treasurer of State, are further restrained from dishonoring, and are mandated to honor, all orders for warrants and warrants issued by officers acting under present appointments, and the Treasurer is ordered to pay out public funds upon such orders. The relators are further restrained from interfering with or obstructing officers and appointees who are presently managing and controlling state agencies, boards, and commissions in the discharge of their several duties pursuant to laws other than the questioned statutes.

The State of Indiana is the plaintiff in the action below. The complaint alleges that the relators are threatening to act under said statutes which are alleged to be unconstitutional, and that unless an injunction is issued the State's business will fall into confusion and disorder and that great loss and damage will result to the state.

The trial court found that "there is an emergency existing and serious impairment of and irreparable injury to the public service and the interests to the people of the state of Indiana will result unless they (relators) be restrained and enjoined by this court . . . and that there is danger that the acts which will be done by the defendants, unless restrained, will result in widespread and serious confusion, uncertainty and irreparable damage to the plaintiff and its citizens . . . ."

If the facts support the finding and order of the trial court, the case falls within the class in which the court has jurisdiction to issue injunctions because of the involvement of property rights. *City of Huntington* v. *Cast et al.* (1898), 149 Ind. 255, 48 N. E. 1025.

If the facts before the court below do not justify the injunction, the court's action is not void but merely erroneous and it can only be questioned by assigning error on appeal. *State ex rel. Allman* v. *Grant Superior Court et al.* (1939), 215 Ind. 249, 19 N. E. (2d) 467.

The writ is denied.

NOTE.—Reported in 33 N. E. (2d) 515.

---

## ON PETITION FOR REHEARING

PER CURIAM.—After the writ of prohibition prayed herein was denied (April 22, 1941), an appeal to this

court was perfected in the injunction proceeding which relators seek to prohibit.

In their petition for rehearing they assert that in such appeal (*James M. Tucker, etc., et al.* v. *State of Indiana; Henry F. Schricker, as Governor of the State of Indiana, Number 27547*) they cannot raise the question of the constitutionality of the statutes enacted by the last General Assembly under which they would act but for the injunction. We think otherwise.

If the statutes are constitutional, the injunction should not have been granted. If they are unconstitutional, as charged in the complaint, a property right and irreparable damage having been alleged and found, the circuit court had jurisdiction to issue an injunction. If the relief granted was too broad because some of the statutes but not all are constitutional, the injunction may be modified at the mandate of this court.

The petition for rehearing is denied.

NOTE.—Reported in 33 N. E. (2d) 582.