ROBERT JOHNSTON, BANKERS TITLE AND MORTGAGE GUARANTY COMPANY, AND WESTFIELD REALTY ASSOCIATES, INCORPORATED, PETITIONERS, v. THE BOARD OF ADJUSTMENT AND THE TOWN COUNCIL OF WESTFIELD, NEW JERSEY, RESPONDENTS.

Argued January 19, 1937—Decided March 23, 1937.

Before Justices TRENCHARD, BODINE and HEHER.

For the petitioners, *Earl A. Merrill.*

For the respondents, *Paul Q. Oliver.*

PER CURIAM.

This is an application for a declaratory judgment. We have nothing before us in the way of a state of the case except an unverified petition signed only by counsel of the petitioners. There is no evidence before us, no stipulation as to facts, and no exhibits.

The petition sets forth that the three petitioners are severally the owners of land and premises located in "A" residence district, as is said to be defined in a zoning ordinance of the town of Westfield. That ordinance is not laid before us in all of its parts, but extracts from it are recited in the petition.

The petition in effect avers that such ordinance in substance limits the use of the buildings and premises of the several petitioners (as well as all others situate in "A" residence district) to "not over one family or for one housekeeping unit."

The petition prays that this court declare petitioners "rights with respect to the 'use' thereof under the 'zoning

ordinance' of the town of Westfield, to the end that the most profitable 'use' may be made thereof consistent with the terms of said ordinance."

The petitioners say in effect that the regulations imposed by the zoning ordinance with respect to "use" is not an "exercise of the police power" and it is argued that the limited use provided for in the ordinance violates both "the state and federal constitutions."

What we have said suggests that perhaps there are several reasons why this application as presented must be denied, but certainly there is one reason which is insurmountable, and that is that the attorney-general of the state has not been served with a copy of the proceeding in order that he may be heard. The petition was filed in supposed conformity with chapter 140 of laws of 1924 (*Cum. Supp. Comp. Stat.* 1911-1924, *p.* 2835, § 163-361); but immediately it will be noticed that the petitioners have certainly failed to comply in the respect indicated, with section 11 of that statute, which reads:

"When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding. In any proceeding which involves the validity of a municipal ordinance or franchise, such municipality shall be made a party, and shall be entitled to be heard, and *if the* statute, *ordinance* or franchise *is alleged to be unconstitutional, the attorney-general of the state shall also be served with a copy of the proceeding and be entitled to be heard."*

Now it nowhere appears that the attorney-general has been served with a copy of the proceeding, although it is quite apparent that the power of the municipality to pass the ordinance is challenged, because it is contended that its exercise was outside of police power and was unconstitutional.

In such circumstances we are precluded by the express provision of the statute from according to the petitioners any relief. So to hold puts this case in accord with *In re Van Syckle,* 15 *N. J. Mis. R.* 145; 188 *Atl. Rep.* 915.

The application accordingly will be denied.