STATE EX REL. BLAKE ET AL. *v.* MADISON
CIRCUIT COURT ET AL.

[No. 30,486. Filed October 21, 1963. Rehearing denied
January 15, 1964.]

*Edwin K. Steers,* Attorney General, *Lloyd C. Hutchinson,* Assistant Attorney General, *William L. Peck* and *William Byer,* both of Anderson, all for relators.

*Al S. Woolbert,* of Anderson, and *Albert W. Ewbank,* of Indianapolis, for respondents.

PER CURIAM.—This is an action for a writ of mandamus. Upon the facts presented by relator's verified petition, this court issued an alternative writ.

The material facts giving rise to this proceedings are as follows:

On June 8, 1957, the Common Council of the City of Anderson passed an ordinance annexing all of Anderson Township to that city, except the incorporated areas therein of Edgewood, River Forest, Country Club Estates, and Woodlawn Heights, which were all incorporated areas outside the City of Anderson and in-

side said township at said time, said ordinance being No. 2345 of the City of Anderson.

On September 12, 1961, the Superior Court of Madison County, Indiana, denied an appeal filed by the remonstrators to said ordinance, and dismissed said remonstrance as being insufficient in numbers of signatures thereon and valuation of property owned by remonstrators.

Thereafter remonstrators appealed the judgment of the trial court to the Appellate Court and, on May 24, 1963, in Cause No. 19724, said court affirmed the judgment of the trial court and thereafter denied a petition for rehearing.

On September 3, 1963, this court denied a petition to transfer said cause to this court.

On September 13, 1963, there was filed in the Madison Circuit Court a "Suit for Declaratory Judgment and Other Relief," filed by Joe Hartman, et al. v. the City of Anderson, et al., being No. C 63-489 on the dockets of said Circuit Court. The action asked that the "court determine and declare that the Ordinance No. 2345 of the City of Anderson, . . . be declared unconstitutional" and "that an injunction issue enjoining, inhibiting and restraining the City of Anderson and all defendants herein from carrying out and enforcing said ordinance. . . ."

Summonses were ordered returnable October 28, 1963, as requested by plaintiffs in the praecipe.

On October 7, 1963, the plaintiffs in said cause filed a "Verified Petition for Injunction and to Amend Complaint." In said petition plaintiffs assert that the defendants in the primary cause of action (Cause No. C 63-489) to which these proceedings are related, some of which defendants are also defendants in Cause No.

C 63-513 in the Madison Circuit Court, have, in that cause of action, "wholly failed, refused and neglected to deny the validity and constitutionality of said Ordinance and are threatening to, have the power to, and have the ability to, and will confess therein validity and constitutionality of said Ordinance and allow said suit to be placed in judgment against them."

Immediately upon the filing of said petition, the respondents herein, without any notice to the defendants therein, or to their attorneys who had appeared of record, and without hearing any evidence, entered the following decree and judgment:

"IT IS THEREFORE CONSIDERED, ORDERED, ADJUDGED AND DECREED BY THE COURT, that Ordinance No. 2345, passed by the Anderson Common Council and approved by defendant MAYOR on June 18, 1957, as found in Ordinance Record Book No. 8, pages 336 through 340, of the records of the Clerk of the CITY OF ANDERSON, is unconstitutional and contrary to the Constitution of the State of Indiana and of the United States of America and is void in its entirety and contrary to the law of the State of Indiana,

"IT IS THEREFORE FURTHER CONSIDERED, ORDERED, ADJUDGED AND DECREED BY THE COURT, that the defendants, (H. I.) . . . be, and they are, hereby enjoined and inhibited from enforcing or seeking or attempting to enforce, directly or indirectly, Ordinance No. 2345, passed by the Anderson Common Council . . . until further order of Court."

The court fixed *October 29th*, 1963, to determine whether said "temporary restraining order" should be made permanent.

The petition of relator Blake asserted that the purported judgment of October 7, 1963, entered by respondents in Cause No. C 63-489 in the Madison Cir-

cuit Court, "is wholly void as shown on its face and is a nullity and should be expunged from the records of the court" and he further urged in support of his petition that an extreme emergency exists in that the order of the court, if permitted to stand, would prevent the election officials of said county and city to prepare for the general election to be held in the City of Anderson on November 5, 1963, and would result in the denial of approximately 8,000 qualified voters in the City of Anderson their right to vote.

On October 14, 1963, Ralph C. Ambrose, a resident of the annexed area, and Robert E. Hughes and Dorothy Gardner, who, in their official capacities, are parties defendant in the primary action herein, filed a petition in this court for leave to intervene and join as parties-relator and proceed jointly and separately therein. This petition is granted as to Ralph C. Ambrose who was a party in Cause No. C 63-513 in the Madison Circuit Court, to which this proceeding is related. The petition is also sustained as to Robert E. Hughes and Dorothy Gardner, defendants in the primary action herein.

On the same date (October 14, 1963), the relator, Harry P. Blake, filed a motion to vacate, set aside and dissolve the alternative writ of mandate and to dismiss the petition for the same. Said petition is denied for the reason that the above named Ralph C. Ambrose, Robert E. Hughes and Dorothy Gardner, parties to the original action, had previously filed a petition for leave to intervene and join as party relators in the proceedings, which intervention has been approved by this court.

Also, on the same date (October 14), the plaintiffs in the primary action in the trial court (being Cause No. C 63-489 in the Circuit Court of Madison County),

filed in this court a "Motion for Leave to Intervene as Amicus Curiae in Support of the Respondent Herein." This court has considered the argument presented in said petition.

On October 15, 1963, Richard Worley, Peter A. Beczkiewics and Herbert Holmes, members of and constituting the State Board of Tax Commissioners of Indiana, and also Robert E. Hughes and Dorothy Gardner, Treasurer and Auditor, respectively, of the State of Indiana, all of whom were named defendants in a "Suit for Declaratory Judgment and Other Relief" in said Cause No. C 63-489 in the Madison Circuit Court, filed a petition by and through Edwin K. Steers, Attorney General, and Lloyd C. Hutchinson, Assistant Attorney General to intervene and join in this cause as parties relator and to proceed jointly and separately therein. Their petition is granted and considered.

It is asserted that the ordinance is unconstitutional on its face. First, because it expressly provides that farm land, used for agricultural purposes, shall ■ be assessed accordingly, as distinguished from urban property within the city. However, this court answered this contention to the contrary in the very recent case of *Welsh, etc. et al. v. Sells, etc. et al.* (1963), 244 Ind. 423, 192 N. E. 2d 753. In that case we held that agricultural usage was a proper basis of classification for tax purposes. Secondly, petitioners assert that the ordinance is unconstitutional on the basis of the facts as applied to the particular parties.

However, this court cannot base its action in this proceedings upon facts which are not yet determined. Under the circumstances our courts are bound by ■ the well established rule that, a statute or ordinance on the books at a given time, not judicially declared unconstitutional or invalid, is presumed to be

valid. *I. L. E. Constitutional Law, §39, Ch. 3, p. 314* [authorities cited].

The decree of the respondent court dated October 7, 1963, and entered in said Cause No. C 63-489, is wholly void for lack of jurisdiction for the following reasons:

(1) The Attorney General of the State of Indiana was not first "served with a copy of the proceedings" and given an opportunity to be heard as required ■ by Acts 1927, ch. 81, §11, p. 208 [§3-1111, Burns' 1946 Repl.].

(2) The decree as entered purported to adjudicate that Ordinance No. 2345, passed by the Anderson Common Council and approved by the mayor on June ■ 18, 1957, *is void in toto and is unconstitutional.* The jurisdiction of the respondent court is prescribed by the legislature. Respondent had no jurisdiction to enter such a decree which fully would determine the primary issue in the case, except upon notice to the parties defendant and the subsequent procedure required in the due course of law, none of which procedural requirements were followed by the court. The judgment was a nullity.

Respondent, in his return, asserts that whether the decree is a final judgment or an interlocutory order, relators' remedy is by appeal. However, when, as in the circumstances of this case, an appeal is not an adequate remedy, the purported judgment is a complete nullity, and is challenged by the parties adversely affected thereby because of the lack of jurisdiction of the court to enter that judgment, it must be expunged from the record if equity so requires. Likewise, the temporary injunction based upon such a judgment must also fall when properly challenged.

For the reasons hereinabove stated, the temporary writ of mandate hereinbefore issued is made permanent.

The Clerk of this court is ordered to deliver a certified copy to the Clerk of the Circuit Court of Madison County, Indiana, forthwith.

Jackson, J., concurs in result.

## ON PETITION FOR REHEARING

PER CURIAM. — Petitioners, Amicus Curiae, Joe Hartman, Myrtle Hartman, and others, have filed a petition for rehearing and for modification of the opinion and decision of this court, heretofore entered on October 21, 1963. See: *State* v. *Madison Circuit Court, Fiftieth Jud. Dist.* (1963), 244 Ind. 612, 193 N. E. 2d 251. The petition asserts, first, that the court erred, in that it did not dismiss the action upon the motion of the original relator, Harry P. Blake, but continued the cause of action upon the intervening petitions of other relators. Secondly, petitioners assert that the opinion is in error, in that it holds that the ordinance is not unconstitutional upon its face; which ordinance expressly provides that farm land, used for agricultural purposes, shall be assessed accordingly, as distinguished from urban property, and that the opinion erroneously cites the case of *Welsh, etc. et al.* v. *Sells, etc. et al.* (1963), 244 Ind. 423, 192 N. E. 2d 753, as authority for this proposition.

This court sustained petitioners' motion "to Intervene as Amicus Curiae in Support of Respondent Herein and For the Purpose of Interposing Objections to the Petition to Intervene and Join as Relators in this Cause of Ralph C. Ambrose, Robert E. Hughes and Dorothy Gardner."

Since the petitioners, by their own motion, and by leave of the court, were merely permitted to "Intervene as Amicus Curiae," they cannot except to the rulings of the court; nor can they file a petition for rehearing. Vol. 1, I. L. E., pp. 468-470. *Parker et al.* v. *The State ex rel. Powell* (1893), 133 Ind. 178, 33 N. E. 119.

This court, on its own motion, in order to clarify a possible misconception regarding the opinion previously written herein, makes this further observation. The opinion affirms the right of the annexing city as a taxing authority to consider the agricultural use of the land for tax purposes, and cites the case of *Welsh, etc. et al.* v. *Sells, supra,* as supporting this fact. It is true that the tax involved in that case was an excise tax, and the tax involved in the ordinance of annexation was a tax upon real estate. Nevertheless, the case cited was authority for the proposition which was under consideration.

The purpose for which land is used, whether it is outside a city or within its corporate limits, is a factor which should be considered in determining its taxable value. For this reason, we affirm our original position, that the ordinance of annexation was not invalid on its face.

The petition for rehearing is denied.

NOTE.—Reported in 193 N. E. 2d 251. Rehearing denied 195 N. E. 2d 354.