STEINER ET AL. *v.* FORT WAYNE COMMUNITY SCHOOLS, ETC., ET AL.

[No. 30,484. Filed June 16, 1964.]

*Arthur H. Fruechtenicht, Robert J. Parrish,* both of Fort Wayne, and *Van Horne & Van Horne,* of Auburn, for appellants.

*Oliver H. Eggers, Helmke, Philips & Beams, Hoffman, Moppert & Solomon, J. Robert Arnold* and *William F. McNagny,* all of Fort Wayne, for appellees.

MYERS, J.—This is an appeal from a judgment in the DeKalb Circuit Court adjudging appellants to be in contempt for violating a restraining order issued without notice and without bond.

On March 23, 1962, appellees, acting on behalf of themselves and all other citizens, residents and taxpayers of Allen County, Indiana, filed their verified complaint for an injunction and restraining order in the Allen Superior Court, Room 3.

Appellants were five of the nine members of the original Allen County Committee for the Reorganization of School Corporations, which Committee was appointed by the Allen Circuit Court on October 16, 1959, pursuant to the School Reorganization Act passed by the Indiana General Assembly in 1959 and subsequent-

ly amended by the 1961 session of the General Assembly. Burns' Ind. Stat., §28-6101 *et seq.*, 1948 Replacement (Supp.).

In general, the complaint alleged the appointment and proceedings of the School Reorganization Committee which culminated in a plan to divide Allen County into two school corporations, being the East Allen County Schools and the West Allen County Schools, which plan was alleged to have been approved by the State Committee for the Reorganization of School Corporations pursuant to the terms of the Act. It was stated that there were certain defects and delays in the plan and procedure by which it was adopted and submitted; that a petition was being circulated in the East Allen Schools' area requesting the establishment of that school corporation, and that the Allen County Committee would, upon the filing of that petition, refer it to the Clerk of the Circuit Court, who would examine it to see if the proper percentage of registered voters had signed it (55% or more), and, if so, he would certify the same to the Committee which would publish notice establishing the corporation; that thereupon the Committee would submit the matter to the voters of Allen County unless restrained; that the Committee would make use of public funds, facilities and services provided by appellees as citizens, residents and taxpayers of Allen County unless enjoined; that a special election would be called and held at the expense of appellees; that all this would cause appellees irreparable damage and harm; that if the Comprehensive Plan or any part of it was permitted to go into effect, appellees would suffer great and irreparable harm and they would be deprived of their property without due process of law. A restraining order without notice was asked to be issued against appellants, and the Clerk of the Allen Cir-

cuit Court, restraining them from taking any further proceedings under the Reorganization Act.

On the same day the complaint was filed, March 23, 1962, the court entered the following order:

"The Court now on its own motion restrains the defendants and the plaintiffs, the State Commission and any individual or committee or commission created by the School Reorganization Act and any individual or group of individuals howsoever organized from filing, certifying, making any rules or regulations or in any way effecting, creating, finalizing, furthering, defeating or pertaining to the plan affecting Allen County, Indiana and previously approved by the State Commission; this restraining order being issued without bond and to remain in force until April 17th, 1962, or until a special judge is appointed.

"This Court now refuses to rule on the application for restraining order without notice and disqualifies himself for the reason that the Court holds opinions in regard to the law in question so definite that he cannot fairly render just and unbiased opinions in this cause."

On April 16, 1962, being the return date on the summons previously issued, appellants appeared specially and filed an answer in abatement charging, generally, that the court had no jurisdiction to attack the validity of the legislative enactment in that fashion. At that time, the Judge of the Court, who had previously disqualified himself, entered the following order:

"The Court now on its own motion, it appearing that considerable delay will be created in selecting a special judge, now orders the restraining order heretofore issued against the plaintiff and defendants, including the State Commission to remain in full force and effect until a special Judge is selected and qualified, and either revokes, continues or modifies said restraining order, except as modified as follows: The defendants shall have the

right to present and file with the county committee the petitions which have been and/or are now being circulated. The county committee shall accept said petitions if filed and shall certify said petitions to the Clerk of Allen County for checking. The modification of the restraining order is for the purpose of preventing delay and the late filing and checking of said petitions and the plaintiffs shall not be deprived of any rights by said modifications of the restraining order, and any existing irregularities or illegal procedures now existing shall be available to plaintiffs.

"The attorneys for the majority of the County School Committee having appeared specially and advising the Court that they refuse to negotiate for the appointment of a special judge by agreement because such agreement might be construed as a general appearance; the parties are therefore unable to agree. . . . "

A Special Judge was finally selected on May 1, 1962. The Clerk of the Allen Circuit Court filed a petition for instructions, saying he had received the School Reorganization petition and was ready and willing to make his certification and return it to the County Committee. On December 28, 1962, the court ordered the Clerk to make his certification to the petition, but that he retain the same in his official possession for further order of the court.

On March 6, 1963, appellants filed their motion for change of venue from the county, which was granted, and the cause was certified to the DeKalb Circuit Court. In the meantime, other proceedings had taken place, such as the filing by appellants of a motion to dismiss and a supplemental complaint by appellees. While the motion for change of venue was pending, appellees, on March 8, 1963, filed their motion for a rule to show cause why appellants should not be punished for contempt of court. They charged that a ma-

jority of the appellants, acting as members of the Allen County School Reorganization Committee, had met on March 6, 1963, and made a matter of record a purported copy of the certification by the Clerk pertaining to the creation of the East Allen School Corporation, adopted a motion to publish notice thereof and authorized their attorney to cause such notice to be published. These actions were said to be in violation of the restraining order previously issued.

Rule to show cause was issued, appellants filed their answer, trial was held, and the court found appellants guilty of contempt and ordered them confined in the Allen County Jail unless they purged themselves by rescinding their actions.

Motion for new trial was filed by appellants, which contended that the finding and decision of the court was not sustained by sufficient evidence and was contrary to law; that the court erred in assuming jurisdiction of the proceedings for the reason that it was without jurisdiction of the subject-matter thereof, in that the acts restrained and the acts sought to be restrained in the cause of action were purely legislative in character in furtherance of the power vested in the General Assembly of the State of Indiana by Section 1 of Article 8 of the State Constitution to provide, by law, for a general and uniform system of common schools, and said restraining order was void and of no effect by reason of the fact that it was an interference by the judicial department in the exercise of a legislative power; and that the court erred in purporting to render a declaratory judgment upon any proceeding for contempt declaring the legal effect or lack of effect of certain acts of the appellants.

The motion was overruled and this appeal followed.

The crux of the matter herein is the order of the Allen Superior Court, Room 3, dated March 23, 1962, which was issued without notice, without bond, and without a hearing or trial of any issue presented to it, *upon the court's own motion*. The court specifically stated in the order:

"This Court now refuses to rule on the application for restraining order without notice. . . . ."

And then the Judge proceeded to disqualify himself. This order was modified on April 16, 1962, but it is the basis for the DeKalb Circuit Court judgment finding appellants guilty of contempt.

Appellants argue that this order did not follow the statutes on injunctions in that there were insufficient statements in appellees' complaint alleging "emergency" so that a restraining order could be granted without notice, hearing or bond. See Burns' Ind. Stat., §3-2101 *et seq.*, 1946 Replacement.

However, the court explicitly stated that it refused to consider appellees' application. Thus, it makes no difference what provisions or allegations were set forth by appellees in their complaint, or what statutes are involved. The only reason given by the Judge for entering such an order was that he was of such opinion about the law that he could not render a fair and unbiased decision. It was just as if the Judge, without any proceedings before him, had stood up in open court and announced that he was not in favor of a certain legislative enactment and so was going to prohibit the duly qualified officers from carrying out its provisions, and then proceeded to issue an injunction or restraining order without notice, such being an unconstitutional act.

In *State ex rel. Pollard et al., etc.* v. *Sup. Ct. Mar. Co.* (1954), 233 Ind. 667, 671, 672, 122 N. E. 2d 612, 615, this court said:

" 'A court is a creature of the law, instituted for the determination of questions of law and fact under defined restrictions and limitations. The territorial limits of its power, the subjects and classes over which its power may be exercised, the terms upon which it may put its power into action, are as firmly and clearly established as the right to adjudicate when authorized to do so; and, though a court of general jurisdiction, it must proceed in the manner and upon the conditions imposed by the law, and an assumption of jurisdiction over a subject or a person, upon terms denied by the law, is as unwarranted and futile as the assumption of jurisdiction without its territorial limits. A departure from the limits and terms of jurisdiction is usurpation of power that imparts no validity whatever to its judgments and decrees. Works, §10, p. 28, and authorities cited. Hence, we have the generally accepted rule that, when a court proceeds without jurisdiction of the subject-matter, its judgment is wholly void; . . .' "

We find the facts herein similar to the recent case of *State* v. *Madison Circuit Court, Fiftieth Jud. Dist.* (1963), 244 Ind. 612, 193 N. E. 2d 251, 195 N. E. 2d 354. This was an annexation case involving the City of Anderson. Controversial matters concerning the territory annexed had gone through the trial courts and had been appealed to the Indiana Appellate Court which affirmed the annexation. *In Re Annexation of Certain Territory, etc.* (1963), 135 Ind. App. 92, 190 N. E. 2d 428. This court denied transfer on September 3, 1963, just a few weeks before a municipal election was to be held. Shortly thereafter a suit was filed in the Madison Circuit Court asking for a declaratory judgment and an injunction determining that the annexation or-

dinance be declared unconstitutional, which question had not been raised previously. Immediately on filing the action, the court, without notice and without hearing any evidence, entered a decree finding the ordinance unconstitutional and enjoining the defendants from enforcing it. The effect of this would have prevented the registered voters in the annexed area from voting in the municipal elections. In an original action for a writ of mandate, we found the trial court's decree to be a nullity and that it had no jurisdiction to enter such decree.

It is to be noted that in the case at bar, the trial court did not even state that the School Reorganization Act was unconstitutional. No reason was given at all for enjoining its provisions except that the Judge was biased and prejudiced against it.

We, therefore, find that the order of the Allen Superior Court, Room 3, dated March 23, 1962, as modified, in these proceedings, to be utterly void and a nullity for lack of jurisdiction, and that it should be expunged from the records of that court.

Judgment reversed, and cause remanded for further proceedings.

Achor, C. J., and Arterburn and Landis, JJ., concur. Jackson, J., concurs in result.

NOTE.—Reported in 199 N. E. 2d 340.