THEODORE L. SENDAK, ATTORNEY GENERAL OF INDIANA, ELINORE J. MURPHY, MONROE COUNTY CLERK, F. J. VAN METER, AGNES F. WOOLERY AND ELINORE J. MURPHY, AS MEMBERS OF THE MONROE COUNTY ELECTION BOARD *v.* LOLA DEBRO AND BOBBIE BENNETT.

[No. 974S184. Filed March 19, 1976.]

*Theodore L. Sendak,* Attorney General, *Stephen M. Sher-*

*man, Robert S. Spear, Donald C. Trigg,* Deputy Attorneys General, for appellant.

*Ellen K. Thomas,* of Bloomington, for appellees.

DeBRULER, J.—Lola B. Debro and Bobbie L. Bennett sought to become candidates for the office of Bloomington Township Advisory Board member in the Primary Election of 1974. Since Bloomington Township is located in Monroe County, they filed their declarations of candidacy with the Clerk of the Monroe Circuit Court. Ten days later, the Monroe County Election Board notified them that their names would not be placed on the ballot because neither met the freeholder requirement of Ind. Code § 17-4-28-1 (Burns 1974).[1]

Debro and Bennett then brought this action in the Monroe Superior Court against the Clerk and the Election Board. They sought both a preliminary and a permanent injunction, compelling the defendants to place the plaintiffs' names on the ballot and enjoining the defendants from disallowing the plaintiffs from being entered as candidates. The plaintiffs also asked for a declaratory judgment that the freehold requirement of Ind. Code § 17-4-28-1, *supra,* was unconstitutional. They contended that the requirement denied their rights to equal protection of the laws and due process, secured by the Fourteenth Amendment to the Constitution of the United States and Art. 1, §§ 12 and 23 of the Constitution of Indiana.

The Attorney General was not served with a copy of the proceeding as provided for by Ind. Code § 34-4-10-11 (Burns 1973).[2] The Clerk and the Election Board appeared by the

---

1. "At the time of electing township trustees, the voters of the several townships shall elect an advisory board, consisting of three [3] resident freeholders and qualified voters of the township."

2. "When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding. In any proceeding which involves the validity of a municipal ordinance or franchise, such municipality shall be made a party, and shall be entitled to be heard, and if the statute,

Monroe County Attorney and filed an answer. At the hearing on the complaint several witnesses testified for the plaintiffs. No witnesses were presented by defendants. The trial court found for the plaintiffs, ordered their names added to the list of candidates, and declared the freehold requirement of Ind. Code § 17-4-28-1, *supra,* unconstitutional.

The Attorney General first learned that the trial court had declared this state statute unconstitutional when a newspaper reporter questioned him about the matter. He filed a motion for leave to intervene to file a motion to correct errors in the trial court, which was granted, and he filed a motion to correct errors, which was denied. In the motion to correct errors, the Attorney General asked that the judgment be set aside and a new trial granted for the purpose of allowing the State to be heard on the issue of constitutionality, because the trial court erred in granting judgment declaring the statute unconstitutional where the plaintiffs had not served the Attorney General with a copy of the complaint alleging unconstitutionality and because the court erred in deciding, as a matter of law, that the freehold requirement violates the Fourteenth Amendment.

The parties to this appeal agree that the Attorney General was not given notice that this action was pending and that he had no opportunity to appear in the trial court prior to the judgment in order to defend the statute. The Attorney General contends that the notice requirement of Ind. Code § 34-4-10-11, *supra,* applies to this action. The relevant section of that statute provides:

> "When declaratory relief is sought . . . if the statute, ordinance or franchise is alleged to be unconstitutional, the attorney-general of the state shall also be served with a copy of the proceeding and be entitled to be heard."

ordinance or franchise is alleged to be unconstitutional, the attorney-general of the state shall also be served with a copy of the proceeding and be entitled to be heard."

The Attorney General argues that, as a consequence of the plaintiffs' failure to comply with this provision, the trial court had no authority to declare the statute unconstitutional and should have granted the motion to correct errors.

This Court had occasion to apply this statutory provision in *State ex rel. Blake* v. *Madison Circuit Court*, (1963) 244 Ind. 612, 193 N.E.2d 251. In that case, the trial court entered a decree declaring an annexation ordinance unconstitutional. The Attorney General had not been served with a copy of the proceedings, and there was no hearing. The decree was deemed wholly void for lack of jurisdiction, because the Attorney General was not served or given opportunity to be heard. The opinion does not include a discussion of the purposes which this notice requirement is intended to serve. However, this provision is identical to the notice provision of the Uniform Declaratory Judgments Act, which was approved by the National Conference of Commissioners on Uniform State Laws, and many other states also have adopted the entire Uniform Declaratory Judgments Act, including this notice section. Our holding in the *Blake* case is in conformity with the many cases from other states which have considered the meaning of the notice section and concluded that the requirement of serving a copy of proceedings on the Attorney General is both mandatory and jurisdictional, and that, on appeal, judgments declaring statutes to be unconstitutional may be set aside if meaningful attorney general participation at the trial level has been frustrated by the failure of notice. *Wheeler* v. *Bullington*, (1956) 264 Ala. 264, 87 So.2d 27; *Johnston* v. *Board of Adjustment and Town Council of Westfield*, (1937) 15 N.J. Misc. 283, 190 A. 782; *Jerry* v. *Board of Education of the City School District of the City of Syracuse*, (1974) 44 A.D.2d 198, 354 N.Y.S.2d 745; *Day* v. *Ostergard*, (1941) 146 Pa. Super. 27, 21 A.2d 586; *Parr* v. *City of Seattle*, (1938) 197 Wash. 53, 84 P.2d 375; *Bollhoffer* v. *Wolke*, (1974) 66 Wis.2d 141, 223

N.W.2d 902; *Tobin* v. *Pursel,* (1975) Wyo., 539 P.2d 361; 22 Am. Jur.2d Declaratory Judges § 85 (1965).

This notice provision recognizes that courts will be faced with determining the constitutionality of state and local legislative enactments in declaratory judgment actions. The judgment of a trial court declaring a statute unconstitutional is the first and major step in a judicial process which can culminate in the state-wide nullification of an enactment. Such judgments can seriously affect the people of the state. The requirement that the Attorney General be served with a copy of the proceedings and have the right to be heard is intended to add assurance that the interests of the people of the state, as visualized in an enactment by their representatives who created it, will not be lost through an erroneous court decision.

The purpose of this provision is to enhance the quality of constitutional litigation by notifying the Attorney General of the pending action. We discussed this same important goal in the recent case of *Board of Commissioners of Howard County* v. *Kokomo City Plan Commission,* (1975) 263 Ind. 282, 330 N.E.2d 92. While it is not contemplated that the Attorney General will actually appear in every case in which he is served, still, from a copy of the proceedings, he can identify the parties and issues and decide whether the State, with the forces it can muster, should step in and support the enactment. If, in a particular case, the Attorney General decides to appear in court, as this statute permits, his presentation of evidence and argument may provide the court with that additional crucial matter which will demonstrate that an enactment is constitutional. Having this important goal as its basis, this statutory notice provision deserves to be vigilantly enforced.

Appellees and the trial court deemed the requirement of notice to the Attorney General in this statute to have been superseded by Ind. R. Tr. P. 57. That Rule provides:

"The procedure for obtaining a declaratory judgment shall be in accordance with these rules, and the right to trial by jury may be demanded under the circumstances and in the manner provided in Rules 38 and 39. The existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate. Declaratory relief shall be allowed even though a property right is not involved. Affirmative relief shall be allowed under such remedy when the right thereto is established. The court may order a speedy hearing of an action for a declaratory judgment and may advance it on the calendar."

Ind. R. Tr. P. 57 brings the declaratory judgment action under the Indiana Rules of Trial Procedure generally, partially defines an expanded scope of relief, and permits advancement on the calendar. Indiana Code § 34-4-10-11, *supra,* provides for service of a copy of the proceeding upon the Attorney General and establishes his right to be heard. The rule and the statute do not govern the same aspects of the declaratory judgment proceedings, and there is no tension between them in application. In such circumstances, the statute and rule are not incompatible, and consequently one does not supersede the other. *Neeley* v. *State,* (1974) 261 Ind. 434, 305 N.E.2d 434.

Appellees argue that we should reach the merits of this appeal, although they have not complied with the statutory requirement of notice. They point out that there was an adversary proceeding in the trial court which culminated in this judgment. They contend also that this Court is uniquely equipped to decide this case on its merits since no factual matters were in dispute at the trial level, and that a remand on mere procedural grounds would be a needless waste of court resources. We do not agree that this case necessarily fits this description. However, were we to accept these assertions here, we would still be reluctant to reach the merits. By reaching the merits here, we would have created, as a legal precedent, an exception to the requirement of this statute, which could be cited in future cases where one

party sought to justify non-compliance with the statute. In so doing, we would have undermined its important purpose. We must consider not only this case, but future cases in which constitutional issues will be presented. On the one hand, the interests to be served by our enforcing the statute are great; on the other, the cost and inconvenience to parties by our enforcing the statute are small.

The judgment of the trial court is reversed with instructions to grant a new trial.

Givan, C.J., Arterburn, Hunter and Prentice, JJ., concur.

NOTE.—Reported at 343 N.E.2d 779.