Larry **MYERS** and Loa Myers, Appellant(s),

v.

**CROUSE–HINDS DIVISION OF COOPER INDUSTRIES, INC.; and Lorillard Tobacco Company and Hollingsworth & Vose, Appellee(s).**

**General Electric Company, Appellant(s),**

v.

**Mary R. Geyman, on her own behalf and on behalf of the Estate of Raymond Geyman, Appellee(s).**

**Owens–Illinois, Inc., Appellant(s),**

v.

**Mary R. Geyman, on her own behalf and on behalf of the Estate of Raymond Geyman, Appellee(s).**

Nos. 49S00–1502–MI–119, 49S00–1501–MI–35, 49S00–1501–MI–36.

Supreme Court of Indiana.

April 28, 2016.

---

All Justices concur, except RUSH, C.J., and MASSA, J., who vote to grant rehearing.

DAVID, J., concurs with separate opinion in which DICKSON and RUCKER, JJ., concur.

MASSA, J., dissents with separate opinion in which RUSH, C.J., concurs.

MASSA, J., dissenting.

The State's Brief in Support of Rehearing raises issues worthy of more deliberative consideration, several of which were noted in dissents from the Court's opinion, *Myers v. Crouse-Hinds Div. of Cooper Indus., Inc.*, No. 49S00–1501–MI–35, 53 N.E.3d 1160, 1169, 2016 WL 825111, at *6, *8 (Ind. Mar. 2, 2016) (Rush, C.J., and Massa, J., dissenting with separate opinions). The Brief overlooks, however, the most compelling precedents in its favor that should be noted sua sponte for lawyers and judges going forward.

Forty years ago, this Court unanimously and unequivocally held that the Attorney General must be served at the outset of suits attacking the constitutionality of a state statute. *Sendak v. Debro*, 264 Ind. 323, 326, 343 N.E.2d 779, 781 (1976). Moreover, we made clear that the remedy for said failure of service is reversal and remand for new proceedings in the trial court where the Attorney General can meaningfully participate:

> Our holding in the *Blake* case is in conformity with the many cases from other states which have considered the meaning of the notice section and concluded that the requirement of serving a copy of proceedings on the Attorney General is both mandatory and jurisdictional, and that, on appeal, judgments declaring statutes to be unconstitutional may be set aside if meaningful attorney general participation at the trial level has been frustrated by the failure of notice.

*Id.* (citing *State ex rel. Blake v. Madison Cir. Ct.*, 244 Ind. 612, 618, 193 N.E.2d 251, 254 (1963)). In *Sendak v. Debro*, two individuals seeking township offices were not placed on the ballot for failure to meet a statutory freeholder requirement. *Id.* at 780. They sued the Clerk and Election Board, seeking an injunction and a declaration that the freehold requirement was unconstitutional, but they failed to serve the Attorney General. *Id.* Nevertheless, the trial court found for the plaintiffs in all respects, with the Attorney General learning the fate of the statute from the press. *Id.*

On appeal, this Court reasoned that ensuring the Attorney General's opportunity to be heard not only "enhance[s] the quality of constitutional litigation" but, more important, it "add[s] assurance that the interests of the people of the state, as visualized in an enactment by their representatives who created it, will not be lost through an erroneous court decision." *Id.* at 781. To that end, the notice statute must be "vigilantly enforced." *Id.* at 782. Indeed, the *Sendak* Court refused to reach the merits of the case on appeal, even though it recognized the proceedings below were adversarial and no facts were in dispute, a case this Court otherwise seems "uniquely equipped" to handle. *Id.* Acknowledging its decision to order an entirely new trial may well be open to critiques of inefficiency, the Court nevertheless did so, to avoid opening the door to an exception, "which could be cited in future cases where one party sought to justify non-compliance with the statute." *Id.*

Here, we are confronted with one of those "future cases" our predecessors set out to prevent. In response to the defen-

dants' motion for summary judgment, the plaintiffs argued the asbestos statute of repose, Ind.Code § 34–20–3–2, was unconstitutional. With that issue raised, the presiding trial courts had a statutory duty to notify our Attorney General:

> If the constitutionality of a state statute ... is called into question in an action, suit, or proceeding in any court to which any agency, officer, or employee of the state is not a party, the court shall certify this fact to the attorney general and shall permit the attorney general to intervene on behalf of the state and present:
>
>> (1) evidence that relates to the question of constitutionality, if the evidence is otherwise admissible; and
>>
>> (2) arguments on the question of constitutionality.

Ind.Code § 34–33.1–1–1(a). One trial court agreed with the plaintiffs and one did not, but neither provided the State with the notice to which it was entitled.[1] Nor did our Court, a majority of which found the statute of repose invalid under Article 1, Section 23. *Myers*, 53 N.E.3d at 1166, 2016 WL 825111, at *5. The Attorney General has now come to us, seeking to fulfill his obligation to represent the state and zealously defend its laws. *See* Ind.Code 4–6–1–6. Fortunately, we need not reinvent the wheel in crafting a remedy, as those who came before us—the *Sendak* Court—have answered the question. *See Harrow v. Myers*, 29 Ind. 469, 470 (1868) ("It is not always that the courts may freely inquire, in determining a case before them, what is the law? Sometimes investigation should stop when it is ascertained what has been decided upon the subject.").

The majority today, had it chosen to, might have tried to avoid application of *Sendak* by limiting it only to cases where declaratory judgment was sought, as that was the statute under which the *Sendak* case arose. Ind.Code § 34–4–10–11 (1973) ("When declaratory relief is sought ... if the statute, ordinance, or franchise is alleged to be unconstitutional, the attorney-general of the state shall also be served with a copy of the proceeding and be entitled to be heard.").[2] Subsequent to our holding, however, our General Assembly broadened the reach of the Attorney General's notice requirement in the Uniform Declaratory Judgment Act to apply "[i]n *any* proceeding in which a statute, ordinance, or franchise is alleged to be unconstitutional." 2010 Ind. Acts 633 (emphasis added). And, in that *same* Public Law, it added another notice statute, Indiana Code section 34–33.1–1–1(a), which requires the Attorney General be served any time a statute's constitutionality "is called into question." 2010 Ind. Acts 633–34. There is no logical reason, therefore, that the remedy of *Sendak* should not apply here.

Turning to the substantive legal arguments raised in the defendants' pending petitions for rehearing and the State's

---

1. The plaintiffs argue the court sufficiently notified the Attorney General, pointing to a March 2015 Notice of Completion of Clerk's Record. Aside from the fact it makes absolutely no mention of a statute being called into question, this Notice states only that the transcript for the *Myers* case is "not yet completed." The amended Notice—sent when the transcript was actually complete—did not get served on the Attorney General. In any event, both of these notices came from the *Myers* case, where Judge Oakes followed this Court's precedent and applied the statute of repose, granting summary judgment in favor of defendants. Those same notices in the *Geyman* cases, where Judge Sosin declined to follow precedent and instead found the statute to be unconstitutional, do *not* include the Attorney General.

2. In 1998, Indiana Code section 34–4–10–11 was recodified at Indiana Code section 34–14–1–11. 1998 Ind. Acts 73.

brief in support, they are consistent with the vigorous dissents over which the underlying case was decided. Those arguments need not be repeated here, notwithstanding their reason and persuasiveness.

Nevertheless, it must be observed that although the majority went to such great pains to say it was not ignoring precedent, in so doing, it has given us a new framework that will prove difficult to apply. Indeed, we've already seen a preview of coming attractions. If distinguishing be-. tween "asbestos plaintiffs injured by defendants who both mined and sold raw asbestos and asbestos plaintiffs who were injured by defendants outside that category" is constitutionally impermissible, 53 N.E.3d at 1164, 2016 WL 825111 at *2, many other classifications the legislature has deemed appropriate can and will be challenged. The costs of massaging classifications for a desired result will undoubtedly soon multiply.

Rather than fix this mistake, today we make another. I cannot endorse this result, and fear what it means for the people of Indiana when other statutes are declared unconstitutional without their Attorney General able to represent the public's interest in the enforcement of our state's duly enacted laws.

A petition for rehearing is an important vehicle that gives our Court the "opportunity to correct its own omissions or errors." *Griffin v. State*, 763 N.E.2d 450, 450–51 (Ind.2002) (quoting *Daviess–Martin Cnty. Rural Tel. Corp. v. Pub. Serv. Comm.*, 132 Ind.App. 610, 625, 175 N.E.2d 439, 440 (1961)). In my opinion, it is not just an opportunity, but our responsibility, which today we evade. For the reasons explained in my dissent in *Myers*, 53 N.E.3d at 1168–72, 2016 WL 825111 at *7–10, and because our precedent compels

remand to allow State participation, I respectfully dissent.

RUSH, C.J., concurs.

DAVID, J., concurring.

I write separately to briefly address J. Massa's dissent from denial of rehearing. While I appreciate *Sendak's* mandate that we remand for new proceedings in the trial court where the Attorney General can meaningfully participate in the case when the Attorney General is not properly notified that a state statute is being challenged as constitutional, absent from the *Sendak* opinion is any mention that this Court permitted the Attorney General to brief the matter on its merits as we did in this case.

Also, this Court has more recently addressed this issue. Faced with similar circumstances, we noted in *M & M Investment Grp., LLC. v. Ahlemeyer Farms, Inc.*, 994 N.E.2d 1108, 1112 (Ind.2013):

> It was error for the trial court not to [certify a constitutional challenge to the Attorney General's Office], and that error prevented the State from intervening and presenting its arguments as to the constitutionality of the tax sale statute. The State, however, has since asserted its interests by way of a well-written amicus brief and we see no need to remand (nor does the State request it) in order that we take longer to get to the same place as we are now. The constitutional challenge is a question of law that this Court can resolve without further proceedings before the trial court.

Here too, the State has weighed in by way of a well-written amicus brief and does not request remand. We can address the constitutional issue as a matter of law. Thus,

 

we need not remand this matter to the trial court.

DICKSON and RUCKER, JJ., concur.