## Town of Windfall City et al. *v.* The State of Indiana, ex rel. Wood.

[No. 21,318.  Filed May 25, 1909.]

1. **Pleading.**— *Complaint.— Allegations.— Statutory Cause of Action.*—One claiming rights under a statute must, in his complaint, allege facts clearly bringing him within the provisions of such statute. p. 306.

2. **Mandamus.**—*Elements.*—Mandamus lies to compel an officer to perform a clear, imperative, legal duty, where no other adequate legal remedy exists. p. 306.

3. **Mandamus.**—*Compelling Board of Trustees of Town to Act.— Jurisdiction.—Complaint.*—A complaint to mandate the board of trustees of a town to act upon a petition pending before it, must show that such board has jurisdiction to act and that it is its duty to act. p. 307.

4. **Mandamus.**—*Complaint.—Towns.—Disannexation of Territory. —Notice.—Newspapers.—Evidence.*—A complaint in mandamus alleging that the relator filed with the board of trustees of defendant town a petition for the disannexation of territory from such town, and that he published a notice of the filing thereof in the "Windfall Herald," does not show that such town board had jurisdiction, since the court cannot know judicially nor will it be presumed that the "Windfall Herald" was such a publication as the statute requires. p. 307.

5. **Municipal Corporations.**—*Towns.—Trustees.—Continuing Disannexation Proceedings.*—A town board has a discretionary right, in good faith, to postpone action for a reasonable time on a petition for the disannexation of territory. p. 309.

From Tipton Circuit Court; *John P. Kemp,* Special Judge.

Action by The State of Indiana, on the relation of George C. Wood, against the Town of Windfall City and others. From a judgment for plaintiff, defendants appeal. *Reversed.*

*W. O. Dean* and *L. B. Nash,* for appellants.

*George H. Gifford* and *Glen J. Gifford,* for appellee.

MYERS, J.—Verified complaint by appellee, filed February 14, 1908, against appellants, alleging that appellant Town of Windfall City is an incorporated town in Tipton county, Indiana, and the other appellants are the trustees, representing the four wards of the town; that relator is the owner of certain described real estate in, and forming one of the corporation lines of, the town; that on December 18, 1907, he filed a petition in the office of the clerk of the town to have such real estate disannexed from the town; that on December 18, 1907, he caused a notice of the filing of the petition to be published in the Windfall Herald, and also the same notice to appear the following week in said Herald, that his petition would be presented to the board of trustees at the regular meeting January 6, 1908, at 7 o'clock p. m., at the office of such board, and sets out a copy of the notice, directed "To the Town of Windfall City, Indiana, and the Citizens Thereof." Said notice recites the fact of the filing of the petition, describes the real estate, gives notice of the time and place where it will be presented, when and "where any one aggrieved, or desiring to object, may appear and object." The complaint alleges that the regular meeting time of the board was on the evening of January 6, 1908, and that the regular meetings of the board are the first and third Monday evenings of each month; that the town board met on January 6, at its regular time and place, and has repeatedly met and transacted the business of the town at the regular time and place; that on each occasion of the meeting of the board relator has been present in person, or by agent or attorney, and requested the board to act upon the petition, and that it has "failed and refused to take any action upon said petition, or to determine the same in any way, and is still refusing to take action on said petition, or to determine the same." Prayer for a writ of mandate against defendants to show cause why they should not be required to pass

upon and determine said petition. Upon this complaint an alternative writ of mandate issued against the trustees, as such board, commanding them at their next regular meeting, February 17, 1908, "to hear and determine the merits of said petition, and to take action thereon," or show cause, February 26, 1908, why this should not be done.

To the complaint and alternative writ a demurrer was addressed by the town, for want of sufficient facts, and a like demurrer by the trustees. Each of these demurrers was overruled, and exceptions reserved. On March 10, 1908, the town answered separately, and the four trustees jointly as follows: "As reasons for not acting upon said petition at the time it was brought before said board of trustees on January 6, 1908, [defendants allege] that the question as to whether the large amount of real estate described in said petition could and should be disannexed from said town was one of vital importance to the town, and the law under which the plaintiff is proceeding in this case being a new statute which was enacted at the last General Assembly of the State of Indiana, and there being some question with the members of the board as to the validity of said law, and the board not having seen nor examined said petition prior to the time it was presented to it on said date, January 6, 1908, and not being informed as to the advisability of disannexing said lands from said town, and not then having sufficient time and opportunity to examine and investigate the matter, said petition was placed on file and action on the same continued until January 20, 1908, which was the next regular meeting of said board, in order to have more time to investigate and examine into the matter; that one Richcreek and his wife had, prior to the filing of the petition herein, filed a petition with said board, praying for the disannexation of certain farm lands from said town of Windfall City, similar to plaintiff's petition, except as to the description of the lands, which petition was filed under and by virtue of the law under which plaintiff herein is proceeding;

that said petition was acted upon and denied by the board on December 2, 1907, and Richcreek appealed to the Tipton Circuit Court, and the members of the board were expecting that said petition in the Richcreek case would be determined in said circuit court during the February term thereof, and hearing of plaintiff's petition was continued at said January meeting until the regular meeting of said board on March 2, 1908, in order that the Richcreek case might be determined before said board passed upon said petition at its March meeting, the board expecting to be largely governed in their action by the result of the Richcreek case; that the continuing of plaintiff's petition for hearing was in good faith, the board believing that it was the right and proper thing to do for the better interests of the town, for the reasons aforesaid, and desiring to act judiciously in the premises, and not to make any unnecessary costs to the town, and wanting to be as fully advised as possible in the premises before finally acting on said petition; that long after the hearing of said petition had been set for March 2, 1908, to wit, on February 15, 1908, defendants were served with notice of this proceeding by the sheriff of said county, and said trustees thought it right and proper to take no action until after this proceeding should be disposed of by the court, and for that reason said board did not take any action on said petition at the time set for the same, March 2, 1908. Demurrers for want of facts were sustained to these answers, and exceptions reserved. Appellants refused to plead further, and a judgment of peremptory mandate was ordered, commanding the board of trustees at its next regular meeting "to adjudge and determine upon the petition, with reference to the matters therein set out, as in its judgment is right and proper with reference to disannexing or retaining the land described in the petition, or stand in contempt."

Errors are assigned upon the ruling on the demurrers to the complaint and writ.

Vol. 172—20

The petition for disannexation was filed under the act of 1907 (Acts 1907, p. 617, §§7, 9, §§8914, 8916 Burns 1908). The point is made and insisted upon that the allegations of the complaint and writ do not show a clear duty of the board of trustees to act, in that it is not shown that the Windfall Herald is a newspaper, nor that it is a newspaper of general circulation, nor where it is published, nor that it is a publication, nor that it is a weekly or daily, or daily, except Sunday, nor is it shown to be published in the town of Windfall City, nor that there is no newspaper published in that town. It is claimed by appellee that, as the question of the giving of the required notice was jurisdictional, the board must pass upon it, so that the petitioner might appeal. These respective contentions present the questions whether the court can pass upon the jurisdictional question, whether that question was one wholly for the trustees, and whether they can be required to act upon that question, as well as the question of granting or refusing the petition.

One who claims a statutory right must bring himself within the provisions of the statute. *Ft. Wayne Iron, etc., Co.* v. *Parsell* (1907), 168 Ind. 223; *Indianapolis, etc.,*
1. *Transit Co.* v. *Foreman* (1904), 162 Ind. 85, 102 Am. St. 185; *Hamilton* v. *Jones* (1890), 125 Ind. 176, 178.

Mandamus being an extraordinary writ or proceeding, not only must a clear, legal right be shown, but it must be shown that there is no other adequate remedy, and that it is
2. the imperative duty of the defendants to do the act or acts, the performance of which is sought to be enforced. *Waters* v. *State, ex rel.* (1909), *ante,* 251; *City of Auburn* v. *State, ex rel.* (1908), 170 Ind. 511, 528, and cases cited; *State, ex rel.,* v. *John* (1908), 170 Ind. 233; *State, ex rel.,* v. *Anderson* (1908), 170 Ind. 540; *State, ex rel.,* v. *Spinney* (1906), 166 Ind. 282; *Funk* v. *State, ex rel.* (1906), 166 Ind. 455.

If the board of trustees had acted at all, it certainly would have been required to determine the question of jurisdiction

conferred by the required notice, but the difficulty
3.   here is that in order to compel a court or other tribunal
to act, it must be shown that such court or tribunal
had jurisdiction to act, and that it is its duty to act.   It must
be shown to be in the wrong in refusing to act.   *Logansport,*
*etc., R. Co.* v. *Groniger* (1875), 51 Ind. 383; *Moore* v. *State,*
*ex rel.* (1880), 72 Ind. 358.   Upon application for a man-
date, jurisdiction of the court or tribunal to act will be in-
quired into.   In *Queen* v. *Leicester* (1850), 15 Q. B. (69 Eng.
Com. Law) *671, it is said: "The distinction is, that, where
persons exercising an inferior jurisdiction have, on a mis-
taken view of the law, refused to hear a case, this court will
compel them by mandamus to hear and decide it."   To the
same effect are *People, ex rel.,* v. *Swift* (1886), 59 Mich. 529,
26 N. W. 694; *State, ex rel.,* v. *Laughlin* (1882), 75 Mo. 358;
26 Cyc., 190.

It is of course clear that unless the statutory notice is
given there is no right or power in the board to act at all,
except it be to determine the question of notice; but,
4.   when the parties come seeking the writ of mandamus,
they must show that there is jurisdiction in the court
or tribunal to act.   Appellee is seeking to require appellants
to act upon the petition.   We cannot know judicially from
any allegations made that the notice necessary to confer
jurisdiction to act was given.   We cannot know judicially,
and it will not be presumed, that the Windfall Herald is a
newspaper, or that it has any circulation, or where it is pub-
lished, etc.   True, the proof might have been made that the
notice was given in all respects in conformity to the statute,
but it is not alleged that such was the fact, nor is it alleged
that proof of the fact was made, or attempted to be made, or
that the fact exists.   The complaint and writ are based solely
on a presentation of the petition at each meeting of the
board, with a request that action be taken thereon, and that
at each meeting the board "failed and refused to take any
action upon said petition, or to determine the same in any

way, and is still refusing to take action on said petition, or determine the same."

It will be seen that no complaint is made of a request for, or refusal to take action, or make a decision on the question of notice or jurisdiction, but of a refusal to act on the merits of the petition. There is much plausibility in the position of the learned counsel for relator, that he is entitled to have a decision on the question of notice, so that if it be adverse he may appeal, but it will be observed that he makes no case of that kind. He brings nothing before the court from which it can say that there was an obligation of the town authorities to act. He does not show that he called upon the board to act upon the jurisdictional question of notice, and more important than all, he does not show that the required notice was given. Complaint is not made here of a refusal to act upon the question of notice, or jurisdiction, but of refusal to act on the merits of the petition, and that is the substantive cause of action attempted to be asserted. Counsel for relator cite *Pfister* v. *State, ex rel.* (1882), 82 Ind. 382, to the point that even if the notice was insufficient, he was entitled to a decision on that question, in order that he might appeal. That case does not warrant the claim, for there, the question of jurisdiction was not invoked by notice, but was an application which it was the plain duty of the board to hear and grant, or refuse, and it did neither. Here we are asked to say to the board of trustees, you must pass upon the question of notice, when on the face of the complaint and writ it is not shown that the required notice was given, nor that there was any proof offered that it was given, nor that there had been any request that the question be passed upon. We understand, of course, that such tribunals are required to pass upon the question of jurisdiction which is conferred by notice in proceedings before them, and that the question is reviewable by appeal when they have acted, and also that they may be compelled to act upon the question of jurisdiction by mandate, but when it is sought to compel them by

mandate to act, then it must appear to the superior tribunal that jurisdiction has been conferred, and that it is the duty of the inferior tribunal to decide, for that is necessarily to be passed upon by the superior tribunal, in directing the inferior to act, and it will not do to say that the trustees must pass upon the question of notice and jurisdiction solely in order that such decision, if adverse, may be appealed from. If the board had passed upon the notice, and found it insufficient, dismissal of the petition, or at least new notice must follow, or an appeal be taken, thus splitting up the proceeding, while if it were here shown that jurisdiction had been conferred, the court must pass upon the question of jurisdiction here, and require the board to act upon the merits of the petition.

It appears from the answers that hearing of the petition was set for March 2, following the bringing of this action on February 15. Under the statute, a large discretion is reposed in the trustees, and we cannot say that the matter was unreasonably postponed. No lack of good faith is shown by the complaint, nor anything indicating a determination not to act, but in any event the answers were sufficient for a bad complaint.

The judgment is reversed, with instructions to sustain the demurrer to the complaint and alternative writ.