WABASH RAILROAD COMPANY *v.* PUBLIC SERVICE COMMISSION OF INDIANA.

[No. 28,972. Filed May 14, 1953.]

278

*Michael T. Ricks* and *John F. Bodle, Stuart, Devol, Branigan & Ricks,* (of counsel) all of Lafayette, for appellant.

*J. Emmett McManamon,* Attorney General, and *Clyde H. Jones,* Chief Counsel of Public Service Commission of Indiana, for appellee.

GILKISON, J.—On October 13, 1949, the appellee made an order, *in a proper proceeding then lawfully before it*, requiring appellant to provide a flagman at the crossing of its tracks and the Richvalley road, a highway in Wabash County, Indiana, running approximately north and south at the point of crossing, or, at the election of appellant, *that it install standard automatic flasher lights at the crossing*. This proceeding was instituted agreeable with Acts 1915, Ch. 49, pp. 105, 106. §§55-2016 to 55-2019 inclusive, Burns' 1951 Replacement. On November 1, 1949, appellant filed with the commission a petition for rehearing of the matter, as provided for by Acts 1905, Ch. 53, p. 83; Acts 1907, Ch. 241, p. 454; Acts 1913, Ch. 306, §1, p. 820, §55-112 Burns' 1951 Replacement, which was denied by the commission on November 17, 1949.

Within twenty days thereafter, on December 6, 1949, appellant filed its complaint for a review of the commission's decision, in the Tippecanoe Circuit Court, to which appellee filed a demurrer, solely under clause First, §2-1007 Burns' 1946 Replacement, raising only the question whether the trial court had jurisdiction of the subject-matter of the action. The trial court sustained the demurrer, and appellant failing and refusing to plead over as it had been ruled to do, the trial court rendered judgment in favor of appellee and against appellant for costs. From this judgment the appeal is taken.

The question presented is as to the correctness of the ruling on the demurrer. Since the sufficiency of the averments of the complaint is not questioned[1] it is

1. It is only when a demurrer on the ground that the complaint does not state facts sufficient to constitute a cause of action is filed that a memorandum is required to be filed therewith. The memorandum shall state "wherein such pleading is insufficient for want of facts." Cl. 6th, §2-1007 Burns' 1946 Replacement. The

unnecessary to state these averments or their substance. In this appeal appellant attempts to present a question as to jurisdiction of the particular case rather than of the subject-matter of the action. *State ex rel. Kunkel* v. *LaPorte Circuit Court* (1936), 209 Ind. 682, 694, 200 N. E. 614. *State ex rel. Ferger* v. *Circuit Ct.* (1949), 227 Ind. 212, 215, 84 N. E. 2d 585. *State ex rel. Pub. Serv. Com.* v. *Marion C. Ct.* (1951), 230 Ind. 277, 284, 100 N. E. 2d 888, 103 N. E. 2d 214. *State ex rel. Allison* v. *Brennan, Judge* (1951), 229 Ind. 281, 284, 97 N. E. 2d 925. *State, ex rel. Cook* v. *Madison Circuit Court* (1923), 193 Ind. 20, 27, 138 N. E. 762.

The question of jurisdiction of the particular case was not raised by the demurrer,[2] and if it does not appear on the face of the complaint, it can be raised only by a plea in abatement. *The Eel River Railroad et al.* v. *State ex rel. Kistler* (1896), 143 Ind. 231, 234 et seq., 42 N. E. 617.

Our civil procedure statute provides as follows:

"Where any of the matters enumerated in section 85 [§2-1007] do not appear upon the face of the complaint, the objection (except for the misjoinder of causes), may be taken by answer. If no such objection is taken, either by demurrer or answer, the defendant shall be deemed to have

causes for demurrer are provided by statute, and the nature of the demurrer is neither established nor changed by the memorandum that may be filed therewith. *Keltner* v. *Patton* (1933), 204 Ind. 550, 553, 185 N. E. 270. *Rimco Realty & Investment Corp.* v. *LaVigne* (1943), 114 Ind. App. 211, 215, 50 N. E. 2d 953.

2. It has been the universal rule in Indiana that "Lack of jurisdiction of subject matter contemplated by the statute [§2-1007 Burns' 1946 Replacement] as grounds for a demurrer, means that the court does not have jurisdiction of the general subject or of a general class of cases to which the particular case belongs." *State ex rel. Felthoff* v. *Richards* (1932), 203 Ind. 637, 640, 180 N. E. 596. *McCoy* v. *Able, et al.* (1892), 131 Ind. 417, 420, 30 N. E. 528. *Quinn* v. *Peoples Trust & Savings Co.* (1945), 223 Ind. 317, 324, 60 N. E. 2d 281. *Daniels* v. *Bruce* (1911), 176 Ind. 151, 157, 95 N. E. 569.

waived the same, except only the objection to the jurisdiction of the court over the subject of the action: Provided, however, That the objection that the action was brought in the wrong county, if not taken by answer or demurrer, shall be deemed to have been waived." §2-1011 Burns' 1946 Replacement.

No objection having been made that the action was brought in the wrong county, either by demurrer or answer, the defect must now be deemed waived agreeable with the statute last quoted. *Noerr, Administratrix,* v. *Schmidt, Trustee, et al.* (1898), 151 Ind. 579, 584, 51 N. E. 332. *Daniels* v. *Bruce* (1911), 176 Ind. 151, 156, and authorities there cited, 95 N. E. 569. *Brumfield, Tr.* v. *State ex rel. Wallace* (1934), 206 Ind. 647, 654, 190 N.· E. 863. *Globe Accident Insurance Co.* v. *Reid* (1897), 19 Ind. App. 203, 218, 47 N. E. 947.

For the reasons given the judgment of the trial court is reversed with instructions to overrule the demurrer and further action agreeable with this opinion.

### DISSENTING OPINION

BOBBITT, J.—I cannot agree with either the reasoning or the result reached in the majority opinion for the following reasons:

*First:* As stated in the majority opinion, the only question raised pertains to the correctness of the ruling on the demurrer. In my opinion this presents the question as to whether appellant has proceeded under the proper statute. If so, the demurrer should have been overruled. However, if appellant's procedure was controlled by ch. 169 of the Acts of 1929, being §54-429 to 54-438, Burns' 1951 Replacement, then the demurrer should have been sustained.

This action was commenced before the Public Service Commission of Indiana under ch. 49 of the Acts of 1915, §§55-2016 to 55-2019, inclusive, Burns' 1951 Replacement.

Section 1 of said ch. 49 authorizes the public service commission of Indiana to require persons, firms or corporations owning or operating any railroad or interurban within the state under certain conditions to equip public crossings with a flagman or an automatic gong or bell. Section 2 of the Act provides for petition and hearing before the commission. Section 3 provides that if the commission decides that the obstruction complained of should be removed, it shall order such removal or the establishment and maintenance of a flagman or an automatic gong or bell. The act makes no provision for review of any order of the commission made thereunder.

Appellant asserts that because said ch. 49 pertains to railroads, any petition for review of an order of the commission granted pursuant to the act must be filed and pursued under the provisions of §6 of the Railroad Commission Act. Acts 1905, ch. 53, §6, as amended, being §55-112, Burns' 1951 Replacement. This section was last amended in 1913.

The legislature in 1929, ch. 169, Acts 1929, enacted a comprehensive procedure act concerning the review of decisions, rules, orders, determinations, requirements or directions of the public service commission and repealing all laws, or parts of laws, in conflict therewith.

Section 1 of said ch. 169, *supra,* provides:

"That any person, firm, association, corporation, city, town or public utility adversely affected by any decision, ruling, order, determination, requirement or direction of the public service commission may commence an action in the circuit or superior court of any county in which that portion of the

utility which is the subject matter of the procedure before the public service commission operates or seeks to operate, against the commission to vacate or set aside or enjoin the enforcement of any such decision, ruling, order, determination, requirement or direction, on the ground that the same is insufficient, unreasonable, unlawful, or procured by fraud or other unlawful methods."

Section 2 of said ch. 169 defines the word "order" as *"any* final order, decision, ruling, determination, requirement or direction made by the public service commission upon *any* matter within its jurisdiction." (My italics).

The proceeding before the Tippecanoe Circuit Court was concerned wholly with the review of an order of the public service commission.

In a recent opinion, *Public Service Commission of Indiana, et al.* v. *Fort Wayne Union Railway Co.* (1953), 232 Ind. 82, 111 N. E. 2d 719, 722, which involved the review by the Allen Superior Court of an order of the public service commission pertaining to the establishment of a highway crossing at grade over appellants' railroad, this court said:

"By Acts of 1929, ch. 169, (Burns' Stat., 1933, §§54-429 to 54-438) the procedure for review of the decisions, orders, determinations, requirements or directions of the Public Service Commission is prescribed, and all laws or parts of laws in conflict therewith are repealed. The word "order" as therein used is made to include any final order, decision, ruling, determination, requirement or direction made by the Public Service Commission upon any matter within its jurisdiction. Since the railroad commission had been abolished and all of its powers and duties had been transferred to the Public Service Commission in 1913, and since the Act of 1929 is expressly made to reach any decision, ruling, order, determination, requirement and direction of the Commission which adversely affects

any person, firm, association, corporation, city, town or public utility, without regard to the law the Commission is administering, it seems to us that the procedural requirements outlined in §6 of the Railroad Commission Act no longer control, and that the provisions of the 1929 Act apply."

The reasoning in the Fort Wayne Union Railway Co. case, *supra*, applies with equal force to the situation in the case at bar.

Appellant here asserts that because §1 of ch. 169 of the Acts of 1929, *supra*, provides that the action shall be brought in the county "in which that portion of the *utility* which is the subject-matter of the procedure before the public service commission operates or seeks to operate," that the legislature intended the procedure prescribed by this act to apply only to matters involving public utilities as defined in the Public Utility Act.[1] (My italics).

The rejection of that contention is implicit in our decision in the Fort Wayne Union Railway case, *supra*. The word "utility" as used in that section is obviously a generic term which was intended to and does embrace all persons, firms, associations, corporations, etc. who sell their services to the general public at prices which are governmentally fixed, such as transportation, communication, power, water and the like. The word as used was not intended to limit jurisdiction to any particular class of utilities, else the legislature would have said so. It was used for the purpose of defining, prescribing and limiting the forum in which actions to review the orders of the public service commission may be brought.

*Second:* The sole ground upon which appellee's demurrer is based is "that the court has no jurisdiction of the subject-matter of the action."

---

1. Acts 1913, ch. 76, as amended.

While circuit courts are, generally speaking, courts of general original jurisdiction, they are by statute deprived of jurisdiction of all causes, matters and proceedings where exclusive jurisdiction thereof is by law conferred upon some other court. Burns' 1946 Repl., §4-303. Such is the case here.

This court has recently held that a court having jurisdiction of the subject-matter and of the parties must also have jurisdiction of the particular case. *Gilmour* v. *State* (1952), 230 Ind. 454, 457, 104 N. E. 2d 127; *Ballman* v. *Duffecy* (1952), 230 Ind. 220, 229, 102 N. E. 2d 646; *State ex rel. Ferger* v. *Circuit Ct.* (1949), 227 Ind. 212, 215, 84 N. E. 2d 585.

The jurisdiction of actions for review of decisions, rules, orders, determinations, requirements or directions of the public service commission is fixed by statute (§54-429, *supra*), and such actions are special statutory proceedings, Gavit, Ind. Pl. & Pr., Vol. 2, §207, p. 1442; and unless the petition alleges facts sufficient to bring the action within the terms of the statute, jurisdiction is not conferred. *State ex rel. Ayer* v. *Ewing* (1952), 231 Ind. 1, 106 N. E. 2d 441, 446.

The petition in the case at bar not only fails to allege such facts, but on the contrary it appears on the face of the petition that the Tippecanoe Circuit Court did not have jurisdiction of the particular case now before us.

*Third:* The complaint alleges that the particular crossing in question is located in Wabash County, Indiana. It thus appears on the face of the complaint that the Tippecanoe Circuit Court did not have jurisdiction of the particular case, and that under the provisions of the 1929 act it did not have the right, authority and power to hear and determine appellant's

petition. *State ex rel. Pub. Serv. Com.* v. *Marion C. Ct.* (1951), 230 Ind. 277, 284, 100 N. E. 2d 888.

*Fourth:* In my opinion the jurisdiction of the particular case was properly raised by appellee's memorandum filed with the demurrer. By paragraph 1 of such memorandum appellee asserts that the court has no jurisdiction over the subject-matter of the action because the action should have been commenced in the circuit or superior court of the county in which the railroad crossing (the subject-matter of the procedure before the public service commission) is located. By paragraph 3 it is pointed out that the subject-matter involved is located in Wabash County, Indiana. By paragraph 4 it is further asserted that since that part of the railroad which operates in Wabash County constitutes the subject-matter of the action the Wabash Circuit Court, and not the Tippecanoe Circuit Court, has jurisdiction to set aside the action of the public service commission herein.

Acts 1911, ch. 157, §2, being §2-1007, Burns' 1946 Replacement, does not specify as cause for demurrer the bringing of the action in the wrong county. However, the legislature by the enactment of Acts 1911, ch. 157, §3, being §2-1011, Burns' 1946 Replacement, as set out in the majority opinion, recognizes this as a ground for demurrer. Unless the proviso of said §2-1011 is to be considered meaningless, it must be assumed that the question as to the action being brought in the wrong county, which in this case is identical with the lack of jurisdiction of the particular case, may be properly raised under clause 1 of §2-1007, *supra*. As indicated in *State ex rel. Allman* v. *Grant Superior Court* (1939), 215 Ind. 249, 19 N. E. 2d 467, a lack of jurisdiction of the subject-matter may arise out of the fact that the action is brought in the wrong county. Since appellee's

memorandum filed with its demurrer is devoted exclusively, with one exception, to the proposition that the action was brought in the wrong county, it is clear that the question was properly raised and before the trial court.

Appellant should have proceeded under ch. 169 of the acts of 1929, *supra*. *Public Service Commission of Indiana, et al.* v. *Fort Wayne Union Railway Co.* (1953), 232 Ind. 82, 111 N. E. 2d 719, *supra*.

Where, as here, a right is given and the procedure for its enforcement is provided by a special statute, the procedure so provided excludes resort to another or different procedure. *State* v. *Redmon* (1933), 205 Ind. 335, 338, 186 N. E. 328.

The question of jurisdiction of the particular case here at bar was properly raised by appellee's demurrer and its memorandum filed therewith; it appears on the face of the complaint that the Tippecanoe Circuit Court did not have jurisdiction of the particular case as presented by appellant's petition, and that said petition was filed in the wrong county. The demurrer was properly sustained, and the judgment should be affirmed.

Draper, J. concurs.

NOTE.—Reported in 112 N. E. 2d 292.

