**Kerry HARP, Harold Horn and James Armstrong, Appellants–Plaintiffs,**

v.

**INDIANA DEPARTMENT OF HIGHWAYS, Appellee– Defendant.**

No. 41A04–9012–CV–570.

Court of Appeals of Indiana, Fourth District.

Jan. 23, 1992.

**654**

John F. Kautzman, Ruckelshaus Roland Hasbrook & O'Connor, Indianapolis, for appellants-plaintiffs.

Linley E. Pearson, Atty. Gen., Kirk A. Knoll, Deputy Atty. Gen., Indianapolis, for appellee-defendant.

CHEZEM, Judge.

### Case Summary

Plaintiffs-appellants, Kerry Harp, Harold Horn, and James Armstrong (the Employees), appeal the trial court's dismissal with prejudice of their amended complaint for declaratory judgment against the Indiana Department of Highways. We reverse and remand.

### Issue

The Employees present one issue for our review, which we restate as follows:

Was the dismissal with prejudice of the Employees' amended complaint for lack of subject matter jurisdiction contrary to law?

### Facts and Procedural History

Harp, Horn, and Armstrong are employees of the Indiana Department of Highways (now the Indiana Department of Transportation) whose duties include maintenance and snow removal during their regularly scheduled work hours of 7:30 A.M. to 4:00 P.M. On several separate occasions during the winter of 1987, the Employees were called to work before the beginning of their regularly scheduled work hours, sometimes as early as midnight, to plow snow. To reduce overtime costs, the supervisor sent them home on each of these days after approximately eight hours of work, prohibiting them from also completing their regularly scheduled daily shift.

The Employees, desiring to work their regular shifts and receive overtime pay for any extra work, advanced through the Department's prescribed complaint procedure, culminating in an adverse final order issued on June 19, 1987, by the then Director of the Department, John P. Isenbarger.

On July 10, 1987, the Employees timely filed a verified petition for review of the Department's final order pursuant to the Administrative Adjudication Act (AAA), IND.CODE 4-22-1-1 *et seq.*, recodified at IND.CODE 4-21.5-1-1 *et seq.*, serving no-

tice by certified mail to the Attorney General and Director Isenbarger. The petition claimed the order was arbitrary and capricious, an abuse of discretion, and not in accordance with law because it was contrary to IND.CODE 4–15–1.8–7(b)(6), Department policy 2–3, and established Department practice.

On July 28, 1987, the Department filed a motion to dismiss for lack of subject matter jurisdiction and failure to state a claim upon which relief could be granted pursuant to Ind.Rules of Procedure, Trial Rule 12(B)(1) and 12(B)(6). The Department claimed the Employees were "at will" employees, and as such, were not entitled to judicial review under the AAA, asserting as authority an unpublished memorandum decision, subsequently published as *Indiana Department of Highways v. Dixon* (1987), Ind.App., 512 N.E.2d 1113, and two years later vacated by the Indiana Supreme Court in *Indiana Department of Highways v. Dixon* (1989), Ind., 541 N.E.2d 877.

On December 15, 1989, the Employees filed a motion for leave to amend their petition for judicial review under Ind. Rules of Procedure, Trial Rule 15(A) and 15(C), asking to convert the action to one for declaratory judgment pursuant to the Uniform Declaratory Judgments Act, IND. CODE 34–4–10–1 to 16. The proposed amended complaint was attached to the motion and prayed for 1) a declaration of the rights of the Department and the Employees with respect to IC 4–15–1.8–7, the overtime scheduling statute, 2) a declaration that the Employees were unlawfully prohibited from working their regular shifts, 3) a judgment granting the Employees lost wages, and 4) all further relief the court deemed just and proper together with costs. The caption of the proposed complaint did not name the Director of the Department as a defendant.

The Department, relying on *Wright v. Kinnard* (1969), 144 Ind.App. 286, 245 N.E.2d 835, filed an objection to the motion for leave to amend on February 2, 1990. The Department contended the motion should be denied because it was filed nearly two and one-half years after filing the original petition and because the court lacked subject matter jurisdiction to enter a declaratory judgment against the Department, a state entity, the only defendant named in the caption.

The court held a hearing on the motion to amend on February 2, 1990, in which it ordered the Employees to file a response to the Department's objection. On February 23, 1990, the Employees filed a Response to Objection to Motion for Leave to Amend, including answers to questions posed by the court and requesting to convert the original action to a declaratory judgment action, to substitute the new Director of the Department, Christine Letts, as the defendant, to add a second count for damages and injunctive relief based on the Department's violation of the Employees' rights under IC 4–15–1.8–7(b)(6), and to grant all other appropriate relief. On April 30, 1990, the court granted leave to amend.

On May 15, 1990, the Department filed a motion to dismiss the amended complaint with prejudice pursuant to T.R. 12(B)(1), asserting the court lacked subject matter jurisdiction on two grounds: 1) a declaratory judgment cannot be entered against the Department, a state entity,[1] and 2) failure to name all the parties in the title of the complaint as required under T.R. 10(A). The Employees appeal the trial court's August 6, 1990, order granting the Department's motion to dismiss with prejudice.

Other facts will be included in the discussion as necessary.

*Discussion and Decision*

The question before us is whether the trial court properly dismissed the Employees' amended complaint for lack of subject matter jurisdiction. To affirm the dismissal without a trial on the merits, we must decide from an examination of the face of the complaint whether the trial court could

---

1. The Department asserted the identical objection in opposition to the Employees' motion for leave to amend.

determine it did not have jurisdiction over the subject matter of this case. *Wright* at 296, 245 N.E.2d at 841.

■ According to Indiana's well-settled standard, subject matter jurisdiction is the power of a court to hear and determine the general class of cases to which the proceedings before it belong. *State ex rel. Hight v. Marion Superior Court* (1989), Ind., 547 N.E.2d 267, 269; *Matter of Adoption of H.S.* (1985), Ind.App., 483 N.E.2d 777, 780; *State ex rel. Young v. Noble Circuit Court* (1975), 263 Ind. 353, 356, 332 N.E.2d 99, 101; *State ex rel. Indianapolis v. Brennan* (1952), 231 Ind. 492, 497, 109 N.E.2d 409, 411 (citing *Rhode Island v. Massachusetts* (1838), 37 U.S. (12 Pet.) 657, 717, 9 L.Ed. 1233). "The only relevant inquiry in determining whether the court has subject matter jurisdiction is to ask whether th[e] kind of claim the plaintiff advances falls within the general scope of authority conferred upon such court by the constitution or statute." *State ex rel. Young*, at 356, 332 N.E.2d at 101 (citing *Brown v. State* (1941), 219 Ind. 251, 37 N.E.2d 73); *see also Williams v. Williams* (1990), Ind., 555 N.E.2d 142, 144–45; *Behme v. Behme* (1988), Ind.App., 519 N.E.2d 578, 582.

### STATUTORY AUTHORITY

■ Statutory authority to enter declaratory judgments is directly granted to Indiana's courts of general jurisdiction by the Uniform Declaratory Judgments Act:[2]

Courts of record within their respective jurisdictions shall have power to declare rights, status, and other legal relations whether or not further relief is or could be claimed. No action or proceeding shall be open to objection on the ground that a declaratory judgment or decree is prayed for.

IND.CODE 34–4–10–1. The Johnson Circuit Court is a court of general jurisdiction, *See* IND.CODE 33–4–2–1 *et seq.; State ex rel. Young*, at 358, 332 N.E.2d at 101, n. 2 (citing 1 B. Gavit, *Ind. Pleading and Practice* 742 (2d ed. 1950)); *see also Wabash R. Co. v. Pub. Serv. Comm'n* (1953), 232 Ind. 277, 285, 112 N.E.2d 292, 295 (circuit courts are generally speaking courts of general original jurisdiction) (Bobbitt, J., dissenting) (citing Burns' 1946 Repl., § 4–303). The trial court therefore has, within the general scope of authority conferred by IC 34–4–10–1, the power to enter declaratory judgments. *See Brendanwood Neighborhood Ass'n v. Common Council of Lebanon* (1975), 167 Ind.App. 253, 255, 338 N.E.2d 695, 696 (citing IND. CONST. art. 7, § 8; IND.CODE 33–4–4–3 (BURNS' CODE Ed.)). Consequently, the Johnson Circuit Court has subject matter jurisdiction over the general class of cases involving declaratory judgments.

■ The caption of the Employees' "AMENDED COMPLAINT FOR DECLARATORY JUDGMENT" reads, "KERRY HARP, HAROLD HORN, and JAMES ARMSTRONG, Plaintiffs vs. INDIANA DEPARTMENT OF HIGHWAYS, Defendant."[3] The Department contends the court's exercise of subject matter jurisdiction is barred because the state in its sovereign capacity, rather than the Director of the Department in her official capacity, is named in the caption. The Department cites in support of its contention T.R. 10(A), which requires all parties to an action to be named in the caption, and *Wright*, at 299, 245 N.E.2d at 842, which held a declaratory

---

2. IND.CODE 34–4–10–1 *et seq.*

3. The Employees, ordered by the court to respond to the Department's objection, requested leave to include the Director of the Department as the named defendant in the caption. After the court granted leave to amend, however, the Employees did not file a new amended complaint conforming to their own response. The Employees' response cannot be construed as the amended pleading. Neither a response to a motion nor opposition to a motion is a pleading, *Burt's Wrecker Service, Inc. v. Eusey* (1984), Ind. App., 464 N.E.2d 23, 25, n. 2; *Data Processing Services, Inc. v. L.H. Smith Oil Corp.* (1986), Ind.App., 492 N.E.2d 314, 320; therefore, a reply to a response to a motion is logically not a pleading. Consequently, the amended complaint at issue is the one attached to the Employees' motion for leave to amend, which did not name the Director as a defendant in the caption. *Contra Wabash R. Co.*, at 286, 112 N.E.2d at 296 (memorandum filed with demurrer properly raised question of jurisdiction although the demurrer on its face did not).

judgment may be entered against the state's officers and agents but cannot be entered against the state in its sovereign capacity.

Both the Uniform Declaratory Judgments Act and T.R. 10(A) require all persons with a claim or interest that would be affected to be named as parties in the complaint. The Uniform Declaratory Judgments Act provides in relevant part:

> When declaratory relief is sought, *all persons shall be made parties* who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding.

IC 34–4–10–11 (emphasis added). The Indiana Trial Rules state, "the title of the action *shall* include the names of all the parties." T.R. 10(A) (emphasis added).

### STATUTORY PREREQUISITES

■ The exercise of subject matter jurisdiction to enter declaratory judgments is barred when certain statutory prerequisites are not met. *Marra v. Clapp* (1970), 255 Ind. 97, 262 N.E.2d 630 (*overruled in part by State ex rel. Young, supra.*); *Cooper v. County Bd. of Review* (1971), 150 Ind.App. 232, 237, 276 N.E.2d 533, 536 (citing *Monon R.R. Co. v. Citizens of Sherwood Forest Addition* (1970), 146 Ind.App. 620, 257 N.E.2d 846; *Ballman v. Duffecy* (1952), 230 Ind. 220, 102 N.E.2d 646). In Indiana, one who seeks the benefit of a purely statutory procedure must bring himself strictly within the terms of the statute. *Sendak v. Debro* (1976), 264 Ind. 323, 328–29, 343 N.E.2d 779, 782 (declaratory judgment); *Wabash R. Co.*, at 285, 112 N.E.2d at 295 (venue); *Slinkard v. Hunter* (1936), 209 Ind. 475, 478, 199 N.E. 560, 562 (election contest and recount of votes); *Martin v. Schulte* (1932), 204 Ind. 431, 435, 182 N.E. 703 (primary election law); *Town of Windfall City v. State ex rel. Wood* (1909), 172 Ind. 302, 88 N.E. 505 (mandamus); *Indianapolis & Greenfield Rapid Transit Co. v. Foreman* (1904), 162 Ind. 85, 69 N.E. 669 (employers' liability act); *Willett v. Porter* (1873), 42 Ind. 250, 255 (will contest); *King v. Harris* (1965), 140 Ind.App. 9, 15, 212 N.E.2d 387, 390 (declaratory

judgment). Nevertheless, the jurisdictional defect involved in the case at bar, failure to name the Director of the Department as a defendant in the caption, does not require the dismissal of the Employee's complaint for want of subject matter jurisdiction under either the Uniform Declaratory Judgments Act or the Indiana Trial Rules.

### UNIFORM DECLARATORY JUDGMENTS ACT

■ The Department contends the Employees failed to follow the statutory prerequisite mandated in IC 34–4–10–11 that all interested parties "shall" be named in the complaint, thus barring the trial court's exercise of subject matter jurisdiction. Almost four decades ago, our supreme court settled the construction of the word "shall" in the predecessor statute to IND.CODE 34–4–10–11:

> The word "shall" when used in a statute is generally construed mandatory rather than directory, and this rule will control unless it appears clearly from the context or from the manifest purpose of the act as a whole that the legislature intended in the particular instance that a different construction should be given to the word. *State ex rel. Simpson v. Meeker*, 1914, 182 Ind. 240, 243, 105 N.E. 906, 907 and cases cited; *Wysong v. Automobile Underwriters, Inc.*, 1933, 204 Ind. 493, 504, 184 N.E. 783, 94 A.L.R. 826; *State ex rel. DeArmond v. Superior Court of Madison County*, 1940, 216 Ind. 641, 643, 25 N.E.2d 642; *City of Gary v. Yaksich*, 1950, 120 Ind.App. 121, 126, 90 N.E.2d 509; 59 C.J. Statutes §§ 635, 636; *Bemis v. Guirl Drainage Co.*, 1914, 182 Ind. 36, 52, 105 N.E. 496.

> Since it is undoubtedly the very purpose of the Declaratory Judgments Statute to give to "any person" whose rights, status or other legal relations are affected by a statute, the right to have any question of construction or validity arising under it determined and to have a declaration of rights, status or other legal relations thereunder, we do not think the jurisdiction of the trial court of the

subject matter of the action can possibly depend upon whether everyone who may have had an interest which would be affected by the declaration are made parties to the action. The word "shall" as used in the first sentence of the compound sentence with which Sec. 3–1111, Burns' 1946 Replacement [now IC 34–4–10–11] begins should be construed to mean "may". This construction is required because the Declaratory Judgments Statute is remedial in nature as is provided by Sec. 3–1112, Burns' 1946 Replacement as follows:

> 'This act is declared to be remedial; its purpose is to settle and to afford relief from uncertainty and insecurity with respect to rights, status and other legal relations; and is to be liberally construed and administered.' *Brindley v. Meara*, 1935, 209 Ind. 144, 149, 198 N.E. 301, 101 A.L.R. 682.

We are further convinced that this is the construction intended by the legislature because of the second division of the compound sentence as follows: 'and no declaration shall prejudice the rights of persons not parties to the proceeding.' By this provision the legislature indicated that there might arise cases in which all proper parties might not be made parties to the proceeding. It seems certain that it did not intend that this defect should in any way affect the jurisdiction of the court to proceed to hear and determine the action. We, therefore, hold that this defect, if such as it is, did not divest or affect the jurisdiction of the trial court of the subject matter of the action.

*State ex rel. Indianapolis*, at 498–99, 109 N.E.2d at 411–12.

Therefore, according to the terms and purpose of the Uniform Declaratory Judgments Act, the word "shall," as used in IC 34–4–10–11, is not mandatory but merely directory. Consequently, the Employees' failure to name the Director of the Department as a defendant in the caption of their amended complaint is not a defect vulnerable to dismissal under T.R. 12(B)(1) for failure of subject matter jurisdiction.

## INDIANA TRIAL RULES

The Department next contends that, even if the trial court had subject matter jurisdiction, failure to name the Director as a defendant in the caption of the amended complaint bars the trial court's exercise of jurisdiction because T.R. 10(A) requires all the parties to be named in the caption of the complaint. We disagree.

Even before the adoption of the Trial Rules, the Indiana Supreme Court cautioned that a dismissal with prejudice, although harmless to a plaintiff if the face of the complaint indicates no amendment is possible to make the complaint state a good cause of action, should not be granted if the complaint is amenable to amendment. *Yelton v. Plantz* (1948), 226 Ind. 155, 162, 77 N.E.2d 895, 898. The Indiana Trial Rules, like their federal counterpart, were "adopted to speed resolution of conflicts spawning litigation," *Thompson v. City of Aurora* (1975), 263 Ind. 187, 325 N.E.2d 839, 844, and " 'to facilitate a proper decision on the merits' and not 'a game of skill in which one misstep by counsel will be decisive.' " *Id.* 352 N.E.2d at 843 (citing *United States v. Hougham* (1960), 364 U.S. 310, 81 S.Ct. 13, 5 L.Ed.2d 8). "In case after case, Indiana courts have recognized that the underlying philosophy of the rules of procedure is to facilitate decisions on the merits and to avoid pleading traps." *Klingbeil Co. v. Ric–Wil, Inc.* (1982), Ind. App., 436 N.E.2d 843, 846 (citing *Soft Water Utilities, Inc. v. Le Fevre* (1973), 261 Ind. 260, 269, 301 N.E.2d 745, 750; *Eberbach v. McNabney* (1980), Ind.App., 413 N.E.2d 958; *Carvey v. Indiana National Bank* (1978), 176 Ind.App. 152, 374 N.E.2d 1173, *Chrysler Corp. v. Alumbaugh* (1976), 168 Ind.App. 363, 342 N.E.2d 908, *modified on other grounds*, 168 Ind.App. 363, 348 N.E.2d 654).

■ Pleadings require technical exactness, *Kaster v. Heinrich* (1986), Ind.App., 489 N.E.2d 152, 155, however, the Indiana Trial Rules, consistent with their purpose, incorporate a policy of liberal amendment to correct defects involving failure to name parties. *See e.g.*, Ind.Rules of Procedure,

Trial Rules 15(A) and (C), 17(A), 19, 20(A). If a judgment of dismissal is granted under T.R. 12(B)(6), the plaintiff is given an opportunity to amend. T.R. 15(A) is the proper vehicle to place the merits of the party's claim before the court when a question of jurisdiction has been raised and found to be lacking. *City of Hammond v. Bd. of Zoning Appeals* (1972), 152 Ind.App. 480, 485, 284 N.E.2d 119, 123. (citing *Topping v. Fry* (7th Cir.1945), 147 F.2d 715). Moreover, T.R. 15(C) permits an amendment that changes a party to relate back to the date of the original pleading if, as in the case at bar, the claim or defense against the added party arose out of the conduct, transaction, or occurrence set forth in the original pleading and the party received notice within the statutory limitation period, would not be prejudiced defending on the merits, and knew or should have known the action would have been brought against her but for a mistake.[4] *Klingbeil*, 436 N.E.2d at 846–47. Justice requires the trial court to provide the opportunity to resolve a claim on the merits without an unnecessary appeal on procedural grounds. *City of Hammond v. Bd. of Zoning Appeals, supra.* To grant with prejudice the Department's motion to dismiss pursuant to T.R. 12(B)(1), would deny the Employees any opportunity to amend and undermine the essential considerations of fairness, which are the foundation of the trial rules.

## JURISDICTION OVER THE PARTICULAR CASE

 Failure to name the proper party in the caption of a complaint concerns the trial court's jurisdiction over the particular case, not subject matter jurisdiction. *Roark v. City of New Albany* (1984), Ind. App., 466 N.E.2d 62, 64 (citing *City of Marion v. Antrobus,* (1983), Ind.App., 448 N.E.2d 325, 328); *State ex rel. Young,* at 358, 332 N.E.2d at 102. Jurisdiction involves three elements: jurisdiction of the subject matter, jurisdiction of the person, and jurisdiction of the particular case. *State ex rel. Dean v. Tipton Circuit Court*

(1962), 242 Ind. 642, 653, 181 N.E.2d 230, 235. A court can have subject matter jurisdiction over a class of cases, and not have jurisdiction over the particular case due to the facts of the particular case. *In re Adoption of H.S.,* 483 N.E.2d at 780. "Jurisdiction of the particular case refers to the right, authority, and power to hear and determine a *specific case* within that class of cases over which a court has subject matter jurisdiction." *Antrobus,* 448 N.E.2d at 329 (original emphasis). The absence of the Director of the Department as a named defendant in the caption of the Employees' complaint does not deprive the court of its power to act in all declaratory judgment actions; rather, it concerns the court's power to act in the particular case.

 When a court lacks jurisdiction over the particular case, the judgment is voidable, requiring proper and timely objection to the court's exercise of jurisdiction, or the objection is waived. *Largen v. Largen* (1989), Ind.App., 535 N.E.2d 576, 578 (citing *Chemco Transport, Inc. v. Conn* (1987), Ind.App., 506 N.E.2d 1111, 1114, *rev'd in part on other grounds,* (1988), 527 N.E.2d 179); *In re Chapman* (1984), Ind. App., 466 N.E.2d 777, 779. Hence, jurisdiction over the particular case may be established by a party's failure to timely assert its absence. Challenges to a trial court's jurisdiction over the particular case must be raised at the first opportunity to avoid waiver. *Antrobus,* 448 N.E.2d at 329 (citing *State ex rel. Dean,* at 654, 181 N.E.2d at 235–36; *State ex rel. Johnson v. Reeves* (1955), 234 Ind. 225, 125 N.E.2d 794; *State ex rel. Sacks Bros. Loan Co. v. DeBard* (1978), 177 Ind.App. 679, 381 N.E.2d 119, 120). The Department raised the question of the Johnson Circuit Court's jurisdiction at the first opportunity in its motion to dismiss, asserting the trial court lacked subject matter jurisdiction pursuant to T.R. 12(B)(1).

 An objection to the exercise of jurisdiction over a particular case, however,

---

**4.** The Director of the Department received reasonable notice, would not be prejudiced by her addition as a named defendant, and knew or should have known she would be a party but for a mistake.

must be specific as well as timely. *Farley v. Farley* (1973), 157 Ind.App. 385, 397, 300 N.E.2d 375, 382 (citing *State ex rel. Dean v. Tipton Circuit Court* (1962), 242 Ind. 642, 181 N.E.2d 230; *Decatur County R.E.M.C. v. Pub. Serv. Co. of Indiana* (1971), 150 Ind.App. 193, 275 N.E.2d 857; *Newton v. Bd. of Trustees Vincennes University* (1968), 142 Ind.App. 391, 235 N.E.2d 84). A motion under T.R. 12(B)(1) may be used to challenge a court's jurisdiction over the particular case, *Roark v. City of New Albany* (1984), Ind.App., 466 N.E.2d 62, 64 (citing *Lee v. DeShaney* (1983), Ind.App., 457 N.E.2d 604), but the objection must be specific to distinguish between subject matter jurisdiction and jurisdiction of the particular case because the former, unlike the latter, is not subject to waiver or consent of the parties. *Farley* at 397–98, 300 N.E.2d at 383. A lack of specificity, although harmless when a motion challenges a court's subject matter jurisdiction, therefore is fatal to an objection concerning a court's jurisdiction over a particular case. Neither the Department's motion to dismiss nor its supporting memorandum specifically expressed whether a lack of subject matter jurisdiction or a lack of jurisdiction over the particular case was the basis for the assertion that the trial court lacked jurisdiction.

 Furthermore, our supreme court has held a motion to dismiss under T.R. 12(B)(1) is not the appropriate vehicle to challenge an improperly captioned petition for declaratory judgment, such as we have before us. *State ex rel. Young*, at 358, 332 N.E.2d at 102; *see also Pitts v. Mills* (1975), 165 Ind.App. 646, 653, 333 N.E.2d 897, 902. The proper challenge subjects the complaint to dismissal for its failure to state a claim under T.R. 12(B)(6). *Id.* A motion under T.R. 12(B)(6) asserts the *pleadings* are insufficient to establish a claim. *Indiana Suburban Sewers, Inc. v. Hanson* (1975), 166 Ind.App. 165, 169, 334 N.E.2d. 720, 723. Accordingly, if a dismissal is granted under T.R. 12(B)(6), the pleading may be amended to correct the jurisdictional defect under T.R. 15(A) and

the amendment is capable of relating back under T.R. 15(C), continuing to toll the statute of limitations. *State ex rel. Young* at 358, 332 N.E.2d at 102. This result, when the complaint is merely technically deficient, furthers the objectives of the trial rules, thus preventing a trial by ambush, whereas a dismissal under T.R. 12(B)(1) would render the action void and possibly preclude a trial on the merits because the tolling of the statute of limitations during the pendency of the suit ceases when the claim is cut off.

 The proper challenge to the Employees' amended complaint therefore is a motion to dismiss under T.R. 12(B)(6) for failure to name all the parties to the action in the caption of the complaint under T.R. 10(A). The Department, however, failed to preserve, and thereby waived, its objection to the trial court's exercise of jurisdiction over the particular case by not specifically pleading under 12(B)(6). *See Behme*, 519 N.E.2d at 582–83.

## CONSTITUTIONAL AUTHORITY

 The Indiana Constitution, Article 4, Section 24, precludes suits against the state without the state's consent. Therefore, statutory authority must exist to make the state a party defendant. *Wright* at 299, 245 N.E.2d at 842 (citing *State ex rel. Indiana Dep't of Conservation v. Pulaski Circuit Court* (1952), 231 Ind. 245, 251, 108 N.E.2d 185, 187; *State v. Young* (1958), 238 Ind. 452, 151 N.E.2d 697, 700). Indiana's Uniform Declaratory Judgments Act does not make the state in its sovereign capacity subject to a declaratory action. Accordingly, the Department contends, citing *Wright, supra*, that the trial court lacked subject matter jurisdiction to enter a declaratory judgment against a state entity in its sovereign capacity.

 Although a court does not have subject matter jurisdiction to enter a declaratory judgment against the state, an action may be brought against state officials as individuals in their official capacity.[5] *Wright*, at 299, 245 N.E.2d at 842

---

**5.** We are unconvinced, however, that the dis-

tinction between an action against the state and

(citing *State v. LaRue's, Inc.* (1958), 239 Ind. 56, 64, 154 N.E.2d 708, 712). Nevertheless, the ruling in *Wright* is not dispositive. As we previously stated, naming the Department, a state entity, in the caption of the Employees' amended complaint is a defect concerning jurisdiction over the particular case, capable of cure by amendment and therefore subject to a 12(B)(6) motion to dismiss. The Department failed to file such a motion, therefore waiving its objection.

## EXCLUSIVE REMEDY

The Administrative Adjudication Act (the AAA) provides for "court review of administrative actions[s] affecting legal relationships [and] is intended to be exclusive." *Thompson v. Medical Licensing Bd.* (1979), 180 Ind.App. 333, 337, 389 N.E.2d 43, 46. Indiana courts have held that the existence of an exclusive statutory remedy bars the exercise of jurisdiction over an independent action challenging an administrative action. *Id.* at 338, 389 N.E.2d at 47; *see also Warram v. Stanton* (1981), Ind. App., 415 N.E.2d 114, 116.

■■■ The Employees are "at will" employees of the Department, entitled to judicial review under the AAA of the Department's determination. *Indiana Dep't of Highways v. Pigg* (1991), Ind., 580 N.E.2d 673, 675; *Indiana Dep't of Highways v. Dixon* (1989), Ind., 541 N.E.2d 877, 880. They therefore must seek the AAA's authorized and prescribed court review as the exclusive means to determine their legal rights in relation to their state employer under IC 4–15–1.8–7(b)(6), Department policy 2–3, and established Department practice. Instead, however, the Employees' sought declaratory relief. The exclusive remedy provided under the AAA usually is held inviolate to prevent plaintiffs from by-passing its machinery for administrative review. Although permitting the Employees' Action for Declaratory Judgment to proceed would not by-pass the Department's prescribed administrative procedures, the exclusive remedy of judicial review would be circumvented. A court cannot exercise jurisdiction over a proceeding that would by-pass the exclusive remedy prescribed by the AAA without reference to the following factors:

 a) Use of the remedy which most completely resolves all the issues between the parties;

 b) Whether the administrative remedy is adequate;

 c) Whether declaratory relief is necessary to prevent irreparable harm;

 d) Damage to the administrative process by allowing a declaratory judgment;

 e) The extent of unnecessary delay resulting from allowing declaratory judgment.

*Thompson* at 345, 389 N.E.2d at 51 (citations omitted).

■■■ Ordinarily the administrative remedy under the AAA is adequate and would more completely resolve the issues between the Department and the Employees than would a declaratory judgment proceeding. Here, the Employees were diverted from pursuing judicial review by the decision, later vacated by the supreme court, in *Indiana Dep't of Highways v. Dixon* (1987), Ind.App., 512 N.E.2d 1113, which held an "at will" employee was not entitled to court review under the AAA. *Id.* This court's decision in *Dixon*, originally handed down on July 15, 1987, as a memorandum decision,[6] was ordered published on September 17, 1987. The Employees filed their original complaint on

---

an action against state officers in their official capacity is anything more than a legal fiction. As our supreme court recently stated in *Bayh v. Sonnenburg* (1991), Ind., 573 N.E.2d 398: "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the state itself ..." *Id.* at 403 (citing *Will v. Michigan Dep't of State Police* (1989), 491 U.S. 58, 71, 109 S.Ct. 2304, 2311, 105 L.Ed.2d 45).

6. We note our express disapproval of the Department's improper use of the original memorandum decision. Memorandum decisions of this court shall not "be regarded as precedent nor cited before *any* court except for the purpose of establishing the defense of res judicata, collateral estoppel or the law of the case." Ind. Rule App.Pr. 15(A)(3) (emphasis added). Had the Department adhered to App.R. 15(A)(3), this case would have followed a different course.

July 10, 1987, and on December 15, 1989, they filed leave to amend, converting the action to one for declaratory judgment. On July 25, 1989, our supreme court handed down its decision vacating *Dixon,* in *Indiana Department of Highways v. Dixon* (1989), Ind., 541 N.E.2d 877. On August 6, 1990, the trial court granted the Department's motion to dismiss pursuant to T.R. 12(B)(1), with prejudice.

Although not an adjudication on the merits or res judicata, *City of Hammond* at 486, 284 N.E.2d at 123 (citing *Cooper* at 237, 276 N.E.2d at 536), a dismissal under T.R. 12(B)(1) voids the entire action, *In re Chapman* (1984), Ind.App., 466 N.E.2d 777, 779 (citing *D.L.M. v. V.E.M.* (1982), Ind. App., 438 N.E.2d 1023), denying the existence of a claim and ending the tolling of the statutory limitations period. Consequently, the plaintiffs would find the limitation period expired and a trial on the merits barred even in a proceeding in which jurisdictional compliance was not at issue. This result does not comport with the reasoning we stated above under the terms and purpose of the Declaratory Judgments Act, the purpose of the Trial Rules, or our holding that the Department's objection to the defective complaint was waived because the trial court had subject matter jurisdiction and jurisdiction over the particular case was not objected to properly.

Accordingly, we find denying the Employees an opportunity for their day in court to be a harsh result, rising to the level of irreparable harm. No damage to the administrative process would result from allowing the declaratory judgment action to go forth because the Employees advanced through the Department's prescribed complaint procedure. Likewise, no unnecessary delay would result by permitting the declaratory judgment action to go forth because the Employees otherwise would be barred by the statute of limitations from using the process prescribed under the AAA.

The judgment of the trial court is reversed and the case is remanded with instructions for further proceedings consistent with this opinion.

Reversed and remanded.

MILLER and RUCKER, JJ., concur.